NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0908n.06
Filed: December 20, 2006

Nos. 05-4270, 05-4272

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JAN AORAHA and LAHEEB AORAHA, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF A |
| | ) | DECISION OF THE BOARD OF |
| ALBERTO R. GONZALES, United States | ) | IMMIGRATION APPEALS |
| Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

Before: CLAY, ROGERS and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Jan and Laheeb Aoraha, brothers and members of Iraq's Chaldean Christian minority, appeal the Board of Immigration Appeals' (BIA) decisions denying them asylum, withholding of removal and relief under the United Nations Convention Against Torture. Because the BIA's decisions are supported by substantial evidence, we deny the petitions for review.

I.

The Aorahas left Iraq in August 2001 and entered the United States in January 2002. Because they lacked valid entry documents, the federal government initiated removal proceedings against them. In response, the Aorahas separately filed applications for asylum and withholding of

removal, claiming that they had been persecuted and tortured on account of their political opinions and religious beliefs.

On July 19, 2004, an Immigration Judge (IJ) held a hearing on the Aorahas' claims. In their applications and their testimony during the hearing, they identified similar experiences of persecution. They claimed that the Iraqi government had long targeted their family; that the Baath party had harassed them during their school years; that they were forced to join the army and treated poorly while in the army; and that they were forcibly removed from their father's home on June 2, 2001, and taken to a regional Baath party office where they were detained and tortured for ten days. The Aorahas also introduced a *Christian Science Monitor* article as evidence of continued persecution of Christians in post-Saddam Iraq.

The IJ denied the Aorahas' claims. Noting inconsistencies and omissions in their testimony, the IJ observed that Jan and Laheeb had "issues of credibility" and had "not completely established that they [were] credible witnesses." JA 419. She also observed that the brothers failed to produce readily available corroborating evidence. The IJ then held that, even had the Aorahas been credible, "[t]he Government ha[d] met its burden of establish[ing] changed country circumstances in Iraq," thereby defeating any presumption that would arise from past persecution. *Id*. The IJ also concluded that the newspaper article and the Aorahas' testimony that they feared being retaliated against as suspected American spies did not establish a well-founded fear of future persecution. The IJ reasoned that the Aorahas' failure to establish eligibility for asylum necessarily defeated their withholding-of-removal claim, then held that they had "not submitted sufficient evidence to establish

that . . . the interim government of Iraq has acquiesced . . . in the torture of Christians" as required for relief under the Convention Against Torture. JA 423.

In appealing to the BIA, the Aorahas challenged the IJ's "analysis of harm directed toward the Christian community in Iraq," pointing to "events subsequent" to the IJ's decision as recounted in a United Nations report and several newspaper articles included with their appeals. JA 17, 362. The Aorahas asked the BIA either to reverse the IJ's decision or to remand the case for a new factual determination regarding fear of future persecution in light of the newly included evidence.

The BIA denied the Aorahas' appeals through separate, though identical, orders. The BIA "agree[d] that the respondent[s] ha[d] not demonstrated eligibility for asylum" or the other forms of relief requested. JA 3, 348. Even "[a]ssuming the respondent[s'] credibility, as well as that [they] demonstrated past persecution on account of [their] political opinion . . . and Christian religion," the BIA concluded that "the entirety of the evidence demonstrates that the country conditions in Iraq have undergone some fundamental changes since the respondent[s'] departure." *Id*. Accordingly, the BIA reasoned, "the regulatory presumption of future persecution has been rebutted," and it dismissed the appeals. *Id*.

II.

A.

To be eligible for asylum, an alien must prove that he is a "refugee," a person who is "unable or unwilling to return to" his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). An alien thus must establish that he was persecuted in the past or that he has a well-founded fear of being persecuted in the future before being deemed a refugee. *Pilica v. Ashcroft*, 388 F.3d 941, 950 (6th Cir. 2004); 8 C.F.R. § 208.13(b). While establishing past persecution gives rise to a presumption of a well-founded fear of future persecution, the government may rebut this presumption by demonstrating "that conditions in the country have changed so fundamentally that the applicant no longer has a well-founded fear of persecution." *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005). We therefore need not address the BIA's credibility determination if we accept the BIA's finding of fundamentally changed conditions in Iraq.

"[W]e review the . . . factual determination as to whether the alien qualifies as a refugee under a substantial evidence test," *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004), meaning that we deem conclusive the administrative factual determinations unless "any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). Where, as here, the BIA expressly adopts and affirms the IJ's decision but adds comments of its own, we "directly review the

decision of the IJ while considering the additional comment[s] made by the BIA." *Gilaj v. Gonzales*, 408 F.3d 275, 283 (6th Cir. 2005).

The Aorahas first challenge the BIA's finding that conditions in Iraq have changed so fundamentally that they no longer have a well-founded fear of persecution on account of the presumption arising from past persecution. Substantial evidence, however, supports this determination. The United States submitted several official reports detailing the fall of Saddam Hussein's regime and the institution of an interim Iraqi government. Because the past persecution alleged by the Aorahas occurred under the deposed regime, the toppling of that regime reasonably rebuts any presumption of a well-founded fear of persecution. *See Al-Shabee v. Gonzales*, 188 F. App'x 333, 338 (6th Cir. Oct. 4, 2006) (affirming finding of changed circumstances based on fall of Hussein regime); *Toma v. Gonzales*, 179 F. App'x 320, 323–24 (6th Cir. May 4, 2006) (same); *Khora v. Gonzales*, 172 F. App'x, 634, 638 (6th Cir. Feb. 10, 2006) (same).

The Aorahas persist that, even if the presumption based on past persecution has been rebutted, an article from the *Christian Science Monitor* shows that they still have a well-founded fear of persecution based on current conditions in Iraq. While the article says that Iraq's Christians face a "rising tide of persecution," the article also notes (as the IJ observed) conflicting evidence regarding the plight of Christians in post-Saddam Iraq. JA 337; JA 338 (quoting a priest's statement that there is a "tie of brotherhood between the Christians and the Muslims"); JA 337–38 (noting that perceived wealth, suspected pro-American sympathies and selling of liquor may be alternative explanations for persecution). The judge also noted that the claims of danger presented by the

Aorahas, however severe, were consistent with general civil strife rather than the targeted persecution needed to establish refugee status. This equivocal news article, together with the uncorroborated testimony of the Aorahas, does not "compel" us to reach a contrary conclusion from the BIA.

The BIA did not address the IJ's fear-of-future-harm ruling but instead limited its express reasoning to the view that any presumption based on past persecution had been rebutted by the fall of Saddam Hussein's regime. Ordinarily this would not be an issue, as we rely on the IJ's decision where the BIA is silent. The Aorahas complain, however, that the BIA ignored the additional evidence of violence targeted at Christians that they included with their appeal. This evidence, consisting of a UN report and some news articles, depicts a wave of church bombings beginning in August of 2004 and increased harassment of Christians by Islamic militants.

While the BIA's order does not expressly address the new evidence submitted by the Aorahas, that fact does not require reversal. The agency's decision is entitled to a presumption of regularity and thus a presumption that the evidence was considered. *See Pilica*, 388 F.3d at 949–50; 8 C.F.R. § 1003.1(d)(3)(iv) (permitting the BIA to take administrative notice of current events on appeal). And the BIA, in deciding cases of this type, is charged with producing a "brief order affirming, modifying, or remanding the decision under review." 8 C.F.R. § 1003.1(e)(5). This is precisely what the BIA produced by issuing a brief order affirming the IJ's decision while explaining the consequences of regime change in Iraq. In this context, the BIA's mere failure explicitly to address every argument raised does not prove that each argument was not considered. The new

evidence, at any rate, suffered from the same flaw as the *Christian Science Monitor* article presented to the IJ: it did not show government involvement in, acquiescence in or inability to control the alleged persecution. *See Pilica*, 388 F.3d at 950 ("[P]ersecution [is] the infliction of harm or suffering by the government[] or persons a government is unwilling or unable to control.").

B.

The Aorahas also challenge the BIA's decision to deny them withholding of removal and relief under the Convention Against Torture. Because substantial evidence supports the BIA's decision that the Aorahas failed to establish asylum eligibility, the BIA's denial of the withholding-of-removal claim was appropriate. *See Berri v. Gonzales*, 468 F.3d 390, 397 (6th Cir. 2006) ("When an applicant fails to meet the statutory eligibility requirements for asylum, the record necessarily supports the finding that the applicant does not meet the more stringent standard of a clear probability of persecution required for withholding of removal.") (internal brackets and quotation marks omitted). And because the Aorahas have failed to establish that Iraq's interim government instigated, consented to or acquiesced in mistreatment of Christians, the BIA's denial of the Convention Against Torture claim was appropriate as well. *See* 8 C.F.R. § 208.18(a)(1) (defining torture under the Convention Against Torture to include acts "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity").

III.

For these reasons, we deny the petitions for review.