NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0690n.06
Filed: September 25, 2007

No. 06-3996

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

SAMR FAIK HANONA,

    Petitioner,

v.

ALBERTO GONZALES, Attorney General,

    Respondent.

On Petition for Review from
the Board of Immigration
Appeals

_____/

**Before:**     **GUY, ROGERS, and MCKEAGUE, Circuit Judges.**

**PER CURIAM**.     Petitioner Samr Faik Hanona seeks review of the Board of

Immigration Appeals (BIA) order affirming the immigration judge's (IJ) decision, which

denied his request for asylum, withholding of deportation, and relief under the Convention

Against Torture (CAT). We deny his petition for review for the reasons explained below.

**I.**

Hanona is a 27-year-old single male, a native and citizen of Iraq, and a member of the

Chaldean Christian religion. His mother participated in the Assyrian Democratic Movement

(ADM) in Iraq, and was arrested three times by the former Baathist government for her

political affiliation. According to Hanona, Saddam Hussein's Baathist government

considered members of the ADM traitors and targeted Christians for persecution.

Hanona and his family moved to Jordan in 1995. At some point after he moved to Jordan, Hanona joined the ADM. In September of 2002, Hanona met with a senior member of the ADM, who informed Hanona that Hanona's name was on a list in Baghdad of those targeted for assassination by the Baathist government. Hanona, fearing for his life, paid a smuggler to help him get to the United States. He traveled to Turkey and then to Mexico on a false Spanish passport. He applied for asylum in the United States while in Mexico.

He entered the United States at San Ysidro, California, on October 8, 2002. He was served that day with a Notice to Appear charging him with removability from the United States, under INA § 212(a)(7)(A)(i)(I), as an alien who at the time of application for admission was not in possession of a visa, passport, or other travel document. On May 27, 2003, Hanona appeared before an immigration judge in Detroit. He admitted the facts contained in the Notice to Appear, conceded removability, and applied for asylum, withholding of removal, and protection under the CAT. Hanona sought asylum based on three grounds: (1) membership in a particular social group; (2) religion; and (3) political opinion.

The IJ denied all of Hanona's applications for relief and protection. The IJ considered Hanona's asylum application; his lengthy affidavit accompanying the application; the testimony of Hanona, Hanona's mother, and Hanona's father; and several newspaper articles and country reports. The IJ concluded that Hanona had not shown past persecution, a credible fear of future persecution, or a likelihood of being tortured if returned to Iraq. The

IJ determined that Hanona wished to be reunited with his parents and siblings in Michigan[1], but did not qualify for asylum. His fears of "persecution" because of the disorderly situation in Iraq were the same fears faced by all Iraqis and resulted from the current state of lawlessness in Iraq and not from persecution based on any protected factor. Hanona appealed to the BIA, arguing that the IJ erred in finding that Hanona lacked credibility, the IJ was biased and misinterpreted the facts and evidence, and the respondent had established that he has a well-founded fear of future persecution in Iraq.

The BIA affirmed the IJ's decision and dismissed Hanona's appeal. It concluded that the IJ did not actually make an adverse credibility finding, Hanona did not establish a well-founded fear of persecution in Iraq, and Hanona failed to substantiate his claims that the IJ was biased or misinterpreted the evidence. On petition to this court, Hanona argues that he suffered past persecution and has a well-founded fear of future persecution.

## II.

This court has jurisdiction over petitioner's request for asylum pursuant to 8 U.S.C. § 1252(a)(1). We must uphold the Board's decision if it was supported by substantial evidence. *Mostafa v. Ashcroft*, 395 F.3d 622, 624 (6th Cir. 2005). The substantial evidence standard means that we uphold the Board's findings as long as they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). We may not reverse the BIA because we would

---

[1]Hanona's mother, father, and younger siblings have been granted asylum in the United States. His siblings' asylum applications were derivative of the mother's. Hanona was over 21 when his mother applied for asylum and therefore his application could not be derivative of his mother's.

have reached another conclusion, but only if the evidence compels a different conclusion. *Klawitter v. INS*, 970 F.2d 149, 151-52 (6th Cir. 1992).

**A.      Asylum**

The resolution of a petitioner's request for asylum involves a two-part inquiry. *Mikhailevitch v. INS*, 146 F.3d 384, 389 (6th Cir. 1998).  A petitioner must show that he qualifies as a "refugee" as defined in 8 U.S.C. § 1101(a)(42)(A), and that the Attorney General should exercise his discretion to approve his application. *Id.* Regarding the first part of the inquiry, "refugee" is defined as "an alien who is unable or unwilling to return to his home country 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Elias-Zacarias*, 502 U.S. at 481 (quoting 8 U.S.C. § 1101(1)(42)(A)).

"An applicant for asylum bears the burden of establishing that he or she qualifies as a refugee 'either because he has suffered actual past persecution or because he has a well-founded fear of future persecution.'" *Mikhailevitch*, 146 F.3d at 389 (quoting 8 C.F.R. § 208.13(a)-(b) (1997)).  To show he has a well-founded fear of future persecution, the applicant "cannot rely on speculative conclusions or mere assertions of fear of possible persecution, but instead must offer reasonably specific information showing a real threat of individual persecution." *Harchenko v. INS*, 379 F.3d 405, 410 (6th Cir. 2004).  The fear of persecution must be both subjectively genuine and objectively reasonable. *Perkovic v. INS*, 33 F.3d 615, 620-21 (6th Cir. 1994).  "The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration."  8 C.F.R. § 1208.13(a).

Nonetheless, we have upheld the BIA's rule that "where it is reasonable to expect corroborating evidence . . . [t]he absence of such corroborating evidence can lead to a finding that an applicant has failed to meet her burden of proof." *Dorosh v. Ashcroft*, 398 F.3d 379, 382 (6th Cir. 2004) (internal quotation marks and citation omitted). We have noted that "supporting documentation must be provided only if it is of the type that would normally be created or available in the particular country and is accessible to the alien, such as through friends, relatives, or co-workers." *Id.* at 382-83 (internal quotation marks omitted). "The appropriate inquiry is whether the applicable evidence 'was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.'" *Mikhailevitch*, 146 F.3d at 388 (quoting *Elias-Zacarias*, 502 U.S. at 481).

An applicant who establishes past persecution is presumed to have a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1). The INS may rebut the presumption of future persecution by showing by a preponderance of the evidence that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality." 8 C.F.R. § 208.13(b)(1)(i)(A) (2004).

### 1.      Past Persecution

At the outset we note that Hanona did not challenge the IJ's past persecution finding before the BIA and therefore we may not review the issue. "[O]nly claims properly presented to the BIA and considered on their merits can be reviewed by this court in an immigration appeal." *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004). Under section

242(d)(1) of the INA, "[a] court may review a final order of removal only if—(1) the alien has exhausted all administrative remedies available to the alien as of right . . . ." 8 U.S.C. § 1252(d)(1).

If we were to consider Hanona's claim of past persecution, we would decide that any past persecution does not entitle him to a presumption of future persecution. Normally, once a petitioner shows he has suffered past persecution, the applicant is presumed to have a well-founded fear of future persecution. *Mikhailevitch v. INS*, 146 F.3d at 389. This presumption can be rebutted "only through establishing by a preponderance of the evidence that since the persecution occurred, conditions in the applicant's country 'have changed to such an extent that the applicant no longer has a well-founded fear of being persecuted if he were to return.'" *Id.* (citation omitted). Even if Hanona's name was actually on a list of assassination targets, and even if having one's name on such a list, without more, could be considered persecution (which we do not decide here), changed country conditions rebut any presumption raised by past persecution. The 2003 State Department reports that Saddam Hussein's regime, the regime that allegedly persecuted Hanona, was overthrown on April 9, 2003. Another report submitted to the IJ, the British-Danish Report, stated that conditions in Iraq were improving and that Christians were not persecuted. Even if Hanona could prove past persecution based on political or religious belief, the government has rebutted the presumption that Hanona has a well-founded fear of future persecution because of changed country conditions in Iraq—namely, the overthrow of the government that had allegedly

persecuted Hanona.[2] *See Shasha v. Gonzales*, No. 06-3196, 2007 WL 930404, *3 (6th Cir. March 28, 2007) ("This court has consistently held that substantial evidence supports the conclusion that country reports detailing the regime change in Iraq rebut any presumption of a well-founded fear of persecution based on past persecution on account of Christianity.").

### 2.    Future Persecution

Hanona would also qualify as a refugee if he could show a well-founded fear of future persecution, independent of any presumption raised by past persecution. Hanona states he will be subject to future persecution because of his religious beliefs. Hanona makes general allegations that he fears future persecution if returned to Iraq because of the chaotic status of the country and the Muslim majority's animosity towards Christians. He also believes that a new Muslim government will discriminate against him because of his past association with the ADM. Furthermore, he testified that other Christians in Iraq will be upset that he left the ADM before fleeing Jordan, and he would be insulted or disgraced by them. In addition to his own statements, Hanona submitted two newspaper articles which describe two attacks by Iraqi Muslims against Iraqi Christians.

To qualify as a refugee, Hanona must establish that he would be singled out for persecution. Countrywide anarchy is not a basis for claiming persecution. *Ali v. Ashcroft*, 366 F.3d 407, 410 (6th Cir. 2004). The BIA found that the newspaper articles Hanona submitted "demonstrate only sporadic violence and harassment by militants in emerging

---

[2]To the extent that Hanona relies on his parents' past persecution to establish his own past persecution, since his parents' persecution was also based on their being harassed by Saddam Hussein's government, the changed country conditions would also rebut any presumption of future persecution based on his parents' persecution.

democratic Iraq. Specifically, the articles describe some violence in certain areas of Iraq against Christians, but we find that they do not establish that the respondent will face a well-founded fear of persecution on account of his religion, or that it was more likely than not that he would be persecuted or tortured." After reviewing the evidence submitted by Hanona, we conclude that the BIA was not compelled to decide otherwise. The evidence supported the conclusion that there was no specific threat of persecution directed towards Hanona personally. There was no evidence that the new government is aware of his past association with ADM, or would persecute him if they are aware. Moreover, his predictions of "persecution" against him are phrased in terms of harassment, being disgraced, and being insulted, none of which rise to the level of persecution in the asylum context. The evidence supports the BIA's finding that the violence against Christians stems from the high level of violence in Iraq generally. In *Almuhtaseb v. Gonzales*, 453 F.3d 743, 750 (6th Cir. 2006), we decided that an asylum applicant's fears of returning to the West Bank based on shootings, shellings, bombings, lack of infrastructure and lack of medical care were based on "'the existence of a generalized or random possibility of persecution in [her] native country,' which is generally insufficient to establish persecution." *Id.* (alteration in original) (quoting *Castellano-Chacon v. INS*, 341 F.3d at 533, 550 (6th Cir. 2003)). *See also Borca v. INS*, 77 F.3d 210, 214 (7th Cir. 1996) ("petitioner must present specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution") (emphasis added).

**B.      Withholding of Removal**

An asylum application is also treated as an application for the withholding of removal. *Mikhailevitch*, 146 F.3d at 391. Withholding of removal is required if the alien can demonstrate that "his or her life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b). In order to qualify for withholding of removal, a petitioner "must establish that there is a clear probability that he will be subject to persecution if forced to return to [his home county]." *Id.* To establish a clear probability, the applicant must demonstrate that "it is more likely than not" that he or she will be persecuted upon return. 8 C.F.R. § 1208.16(b)(2).

The burden of proving the likelihood of future persecution for asylum is less strenuous than the burden of proving a clear probability of future persecution required for withholding of removal. *Mikhailevitch*, 146 F.3d at 391. Hanona cannot meet the requirements for showing he qualified for asylum, and therefore he cannot meet the more rigorous standard for withholding of removal.

## C.  Convention Against Torture

To obtain relief under the Convention Against Torture, the applicant bears the burden of establishing that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). A court is instructed to look at all relevant evidence that relates to the possibility of future torture, including: (i) evidence of past torture inflicted on the applicant; (ii) evidence that the applicant could relocate to a part of the country where he is likely not to be tortured; (iii) evidence of gross, flagrant, or

mass violations of human rights within the country to which the applicant will be removed; and (iv) other relevant information about the country to which the applicant will be removed. 8 C.F.R. § 1208.16(c)(3). The applicant must show the same level of probability of harm required for withholding of removal under § 241(b)(3). Hanona's evidence does not prove he is more likely than not to be tortured upon return to Iraq, and therefore his claim for protection under the CAT was properly denied.

**PETITION FOR REVIEW DENIED**.