NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0115n.06

No. 25-3757

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 10, 2026
KELLY L. STEPHENS, Clerk

|   |   |   |
|---|---|---|
| DARIO HUMBERTO ORTIZ RODRIGUEZ, | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| PAMELA BONDI, Attorney General, | ) | APPEALS |
| Respondent. | ) | |
| | ) | OPINION |

Before: BOGGS, SILER, and KETHLEDGE, Circuit Judges.

BOGGS, Circuit Judge. Petitioner Dario Humberto Ortiz Rodriguez, a Honduran national who entered this country illegally in 2005, seeks to avoid deportation on the ground that gangs in Honduras would harm him because of his brother's past gang ties. He alleges that gang members cut his foot in 2000, later shot his brother, and threatened to kill him if he returned. An Immigration Judge denied relief, and the Board of Immigration Appeals affirmed on the dispositive ground that Honduras was not unable or unwilling to protect him. This petition followed. For the reasons below, we deny the petition.

Before turning to the merits, we narrow the field. Petitioner did not exhaust his claims for protection under the Convention Against Torture or for cancellation of removal or voluntary departure before the Board. Those arguments are forfeited. That leaves only withholding of removal. *See* 8 U.S.C. § 1231(b)(3).

Even there, petitioner misdirects much of his fire. His brief devotes substantial attention to the Immigration Judge's adverse credibility determination. But the Board decision did not rest

on credibility. It concluded that, even if petitioner's personal account were accurate, he nevertheless failed to show that the government was unable or unwilling to protect him from gang violence. That is the ground of decision before us, and that is the question we address.

Our review is for substantial evidence. We may reverse only if the record compels the opposite conclusion—if every reasonable adjudicator would be required to find that the government is unwilling or unable to protect petitioner. 8 U.S.C. § 1252(b)(4)(B).

This record does not depict a government that refuses protection from gangs. It shows a government that has, at times, provided it imperfectly. Petitioner testified that when gang members attacked him in 2000, police intervened, took multiple reports, prevented an assault, investigated, and relocated him. That is affirmative evidence of state protection. Although that protection occurred years ago, petitioner identifies no record evidence that the government has since abandoned such efforts, ceded control to gangs, or otherwise withdrawn from confronting gang-related violence. Petitioner's assertions of governmental incapacity in his brief are not evidence. Nor are his unelaborated blanket references to country-conditions reports. *See Martinez v. City of Memphis*, No. 25-5494, 2025 WL 3516448, at *3 (6th Cir. Dec. 8, 2025) (citing *United States v. Watkins*, 179 F.3d 489, 500–01 (6th Cir. 1999)) (refusing to consider blanket record references on appeal). Moreover, proof of crime or corruption in the abstract cannot establish a governmental failure to protect this particular petitioner. In sum, the agency was not required to treat the 2000 episode as legally irrelevant.

The more recent shooting of petitioner's brother was likewise gang-related and accompanied by a threat directed at petitioner. Police took a report, and the crime remains unsolved. But that fact, standing alone, does not compel the conclusion that petitioner seeks. It is not evidence of unwillingness. It is not evidence of incapacity. It is evidence that criminals sometimes get away with crimes. Were that enough, asylum law would convert every country

confronting persistent gang violence into a per se "unable or unwilling" jurisdiction. Petitioner's brief gestures at additional threats and assaults directed at his family but fails to connect them to any denial of state protection. Petitioner has thus forfeited this perfunctory argument. *See Hamilton v. Fleming*, No. 25-1386, 2026 WL 103462, at *7 (6th Cir. Jan. 14, 2026) (arguments merely gestured at on appeal are forfeited). In any event, the agency was entitled to view the more recent violence as reflecting the limits of law enforcement rather than its absence.

Petitioner's assertion that the Board "ignore[ed]" the shooting incident fares no better. The Board expressly acknowledged the gang attacks on his family. We can fairly discern that it held that such attacks could not overcome the countervailing evidence of police intervention. Reasoned decision-making requires no more than that. *Palucho v. Garland*, 49 F.4th 532, 539 (6th Cir. 2022); *Aoraha v. Gonzales*, 209 F. App'x 473, 476 (6th Cir. 2006) ("The [Board's] decision is entitled to a presumption of regularity and thus a presumption that . . . evidence [not expressly discussed] was considered."). We decline to reweigh the record simply because petitioner would have struck the balance differently.

**PETITION DENIED.**