Nikola MICAKOVIC, Petitioner,

v.

John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.

No. 02–4201.

United States Court of Appeals, Sixth Circuit.

Dec. 16, 2003.

Fakhri W. Yono, West Bloomfield, MI, for Petitioner.

Anthony W. Norwood, U.S. Department of Justice, Immigration Litigation, Civil Divison, Robbin K. Blaya, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondents.

Before BATCHELDER and SUTTON, Circuit Judges; and BELL, District Judge.*

## ORDER

Nikola Micakovic, a native and citizen of Montenegro, petitions for review of a Board of Immigration Appeals (BIA) order that affirmed the decision of the Immigration Judge (IJ) to deny his application for asylum, withholding of removal, and voluntary departure. The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

Micakovic entered the United States most recently in December 1992 as a visitor for pleasure. He applied for asylum in February 1994. The Immigration and Naturalization Service began removal proceedings in November 1998. Micakovic requested asylum, withholding of removal (formerly called withholding of deportation), relief under the Convention Against Torture, and voluntary departure. An IJ held a hearing in May 2000. Micakovic testified that he is an ethnic Albanian and fled Yugoslavia because he did not want to be forced into military service in Kosovo against other ethnic Albanians. At the close of the hearing, Micakovic's counsel withdrew his request for relief under the Convention Against Torture. The IJ denied Micakovic's application for asylum, withholding of removal, and voluntary departure. The IJ found that Micakovic was not credible because he was vague and did not present corroborative evidence, and that even if his account was accurate, he did not demonstrate past persecution. The BIA affirmed the IJ's decision without opinion. Micakovic filed a timely petition for review.

In his petition for review, Micakovic argues that: (1) he established a well-founded fear of persecution; (2) the IJ erred in requiring corroboration of Micakovic's testimony; and (3) the IJ erred and abused his discretion in denying Micakovic's application for voluntary departure.

■ Initially, we note that the court lacks jurisdiction to review the IJ's decision to deny Micakovic's request for voluntary departure. This case is covered by the permanent provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) because the removal proceedings began after April 1, 1997. *See Balogun v. United States Att'y Gen.,* 304 F.3d 1303, 1309 (11th Cir. 2002). The IIRIRA eliminated judicial re-

view of discretionary denials of voluntary departure. 8 U.S.C. § 1252(a)(2)(B); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir.2002).

This court reviews a decision denying asylum to determine whether it is supported by substantial evidence, and may not grant a petition for review merely because it would have decided the case differently. *Mikhailevitch v. INS,* 146 F.3d 384, 388 (6th Cir.1998). A petition for review may be granted only if the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

■ Upon review, we conclude that the petition for review must be denied because the IJ's findings are supported by substantial evidence. The IJ found that Micakovic was not credible and that his testimony was vague and lacked corroboration. Micakovic claimed to have been denied educational and employment opportunities, but presented no proof that he was discriminated against in either of these areas because of his ethnicity. He testified that he had received notice that the government wanted to force him into military service, but did not recall exactly when this happened or present any documentary proof. Notably, although Micakovic's wife lived near the location of the immigration hearing, she was not called as a witness to testify about the government's attempts to force Micakovic to serve in the military. The IJ concluded that there was no credible evidence that Micakovic would be persecuted for his refusal to serve in the military or that he would be required to commit human rights abuses. *See Barraza Rivera v. INS,* 913 F.2d 1443, 1451–52 (9th Cir.1990); *M.A. v. United States INS,* 899 F.2d 304, 312 (4th Cir.1990) (en banc). The IJ noted that, according to the State

426

Department Country Report, ethnic Albanians were treated well in Montenegro, and concluded that Micakovic should not fear returning there. Even accepting his testimony as true, Micakovic did not establish a well-founded fear of persecution.

Micakovic's argument that the IJ improperly required him to corroborate his testimony is without merit. In asylum cases, "[t]he testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 208.13(a). In this case, however, the IJ clearly found that, even if Micakovic's testimony were believed, he did not establish a well-founded fear of persecution. Moreover, it is reasonable to expect that Micakovic would have some evidence to corroborate his claim that government officials tried to force him into the military to serve in Kosovo. *See Diallo v. INS*, 232 F.3d 279, 285 (2d Cir.2000). Accordingly, the IJ did not commit reversible error.

Finally, because Micakovic did not establish eligibility for asylum, he cannot meet the more difficult standard required for withholding of removal. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 425, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir.2002).

The petition for review is denied because the evidence would not compel a reasonable fact-finder to find the requisite fear of persecution. *See Elias–Zacarias*, 502 U.S. at 481, 484, 112 S.Ct. 812.