**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0406n.06**
**Filed: May 17, 2005**

**No. 03-4304**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ABDURAHMAN MOHAMMED ALI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ON APPEAL FROM THE BOARD OF** |
| | ) | **IMMIGRATION APPEALS** |
| ALBERTO GONZALES, Attorney General, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**Before: GUY, DAUGHTREY, and GIBBONS, Circuit Judges.**

**JULIA SMITH GIBBONS, Circuit Judge.** Abdurahman Mohammed Ali petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) decision denying his requests for asylum, withholding of removal, and protection under the United Nations Convention Against Torture (CAT).

I.

Ali alleges that he was born in Somalia in 1970. In 1999 he was smuggled into this country across the border from Mexico. He promptly applied for asylum, withholding of removal, and protection under the CAT, and a merits hearing was conducted by an IJ. At the hearing, Ali testified that he was persecuted in Somalia based on his clan membership. He asserted membership in a clan that, according to the State Department Country Report on Somalia in the record, is one of the

1

lowest castes in Somali society and politically powerless, particularly after the overthrow of the Somali government in 1991. Ali testified that, in that year, his mother and older brother were killed by militia from an opposing clan, his sister was raped, and he was beaten and arrested. He escaped, only to be arrested again a few months later. He was detained under harsh conditions and forced to perform labor for the militia until 1997, when he managed to escape to a refugee camp in Kenya, where his father and remaining siblings were also living. While in Kenya, he was twice arrested and threatened with return to Somalia until his father paid bribes to the Kenyan police. Eventually, his father paid for him to be smuggled into this country.

At the conclusion of the hearing, the IJ issued an oral decision finding that Ali had not credibly established his identity, based primarily on his failure to offer any corroborating evidence. Consequently, all the relief requested was denied. The BIA adopted the IJ's decision for the reasons stated therein. Ali argues that the IJ's holding that he was required to corroborate his testimony was unreasonable. He reasserts his claims for asylum, withholding of removal, and protection under the CAT.

## II.

We must consider whether the IJ correctly determined that Ali failed to sustain his burden of establishing eligibility for asylum or protection under the CAT. The board's decision will be upheld if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir. 1998) (internal quotation marks and citation omitted). This circuit has noted that this is a deferential standard in which the court cannot reverse the board's determination simply because it would have decided the matter differently. The relevant inquiry is whether the applicable evidence "was such that a reasonable factfinder would

2

have to conclude that the requisite fear of persecution existed." *Id*. (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)). Upon consideration, we conclude that the evidence in this case does not meet this standard.

Ali, citing *Qiu v. Ashcroft*, 329 F.3d 140, 153-54 (2d Cir. 2003), argues that the IJ unreasonably demanded corroboration for his testimony regarding his identity. He notes that one who escapes persecution will rarely be in a position to bring corroborating documentary evidence. *Dia v. Ashcroft*, 353 F.3d 228, 253 (3d Cir. 2003). However, it is also true that, when a factfinder does not know what to believe, the failure to corroborate a claim can be fatal to the case. *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000). In this case, even if Ali is correct that the IJ was unreasonable in believing that he could have brought any corroborating identification documents with him in his flight from Somalia, the IJ also noted that Ali failed to submit any affidavits from his family in the Kenyan refugee camp, although he left there with the intent of seeking asylum in this country and should have had time to procure such supporting evidence. Ali also testified that he had contact with people in this country who had known him in Somalia, even in Memphis, where the hearing was held, yet none of these people appeared to testify as to Ali's identity, nor were any affidavits from these acquaintances submitted. Ali does not explain this failure to corroborate his claim, and it cannot be concluded that the IJ was unreasonable in finding the complete absence of documentation of Ali's nationality and claimed clan membership suspicious.

Furthermore, a recent Sixth Circuit case, *Dorosh v. Ashcroft*, 398 F.3d 379, 382 (6th Cir. 2004), approved the BIA's corroboration rule and held that the rule does not place "unreasonable demands on an applicant."

> According to INS regulations "[t]he testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. §§

208.13(a); 208.16(b). The BIA has interpreted this permissive language to mean that "where an alien's testimony is the only evidence available, it can suffice where [it] is believable, consistent, and sufficiently detailed to provide a plausible and coherent account of the basis of the alien's alleged fear." *In re M-D-*, 1998 WL 127881, 21 I. & N. Dec. 1180, 1182 (BIA 1992) (citing *Matter of Dass*, 1989 WL 331876, 20 I. & N. Dec. 120, 124 (BIA 1989)). However, the BIA has also stated that "where it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence should be provided. . . . The absence of such corroborating evidence can lead to a finding that an applicant has failed to meet her burden of proof." *In re S-M-J-*, 1997 WL 80984, 21 I. & N. Dec. 722, 724-26 (BIA 1997).

*Id.* In *Dorosh* the IJ found that the petitioner was not credible. The BIA reversed the IJ's credibility determination finding that the petitioner's "testimony was adequately consistent both internally and with her written application." *Id*. at 381. "The BIA agreed with the IJ, however, that Petitioner had not met her burden of proving eligibility for relief because she did not provide sufficient corroboration of her claims." *Id.* The petitioner in *Dorosh* did not provide affidavits from her mother corroborating her claims of ill treatment or from her friends in the Ukraine providing information about the danger she would face if she returned. *Id.* at 383. This court affirmed the BIA finding that the petitioner "neither corroborated her testimony with reasonably expected documentation nor provided an explanation for its absence." *Id.*

Ali presented no corroborating evidence whatsoever. He provided no documentation or evidence of his membership in Midgan clan and testified that there are no identifying characteristics indicating membership in a particular clan. Because Ali's claim of persecution was based entirely on his clan membership, it was reasonable for the IJ to expect corroborating evidence such as affidavits from family members in Kenya and acquaintances in Memphis.

The failure to establish his clan membership which was the basis for denying asylum also renders his claim for protection under the CAT insufficient. *Selimi v. Ashcroft*, 360 F.3d 736, 741

4

(7th Cir. 2004).  Ali has not demonstrated that "it is more likely than not that [he] would be tortured if [he was] returned to [his home country]." *Id*.  Similarly, because Ali did not establish eligibility for asylum, he cannot meet the more difficult standard required for withholding of removal.  *INS v. Cardoza-Fonseca*, 480 U.S. 421, 425 (1987).

III.

In summary, the evidence in this case does not compel a conclusion contrary to that of the IJ, who found that Ali had failed to establish his nationality or membership in a persecuted group.  Accordingly, the petition for review is denied.