**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0527n.06
Filed: July 28, 2006

**No. 05-3896**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| XIU QING LIU, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM AN ORDER OF THE BOARD |
| | ) | OF IMMIGRATION APPEALS |
| ALBERTO GONZALES, | ) | |
| | ) | |
| Respondent. | ) | |

Before: DAUGHTREY and COOK, Circuit Judges, and COLLIER,[*] District Judge.

**PER CURIAM.** Xiu Qing Liu petitions for judicial review of an order of the Board of Immigration Appeals affirming an immigration judge's finding that she was subject to removal as an illegal alien. We find no basis on which to overturn the Board's decision or that of the immigration judge, and we therefore deny review.

Liu, a citizen of China, entered the United States without inspection near Algonac, Michigan, in May 2002. The Immigration and Naturalization Service immediately initiated removal proceedings under § 212(a)(6)(A)(i) of the Immigration and Nationality Act. Liu applied for asylum, withholding of removal, and relief under the United Nations Convention

---

[*]The Hon. Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Against Torture, contending that she had been persecuted for violating China's coercive population-control policy. At an initial hearing in April 2003, Liu conceded removability, and a date was set for a hearing on the merits of the asylum petition.

At the merits hearing, the petitioner testified that she and her husband were married before either of them had reached the legal age for marriage. As a result, she said, when the local authorities learned a few months later that she was pregnant, she was forced to undergo an abortion. But Liu failed to produce any evidence to corroborate her testimony, other than the testimony of a man who purported to be her father but was unable to produce any identification other than a Maryland driver's license that had been issued a few weeks prior to the hearing.

The immigration judge denied Liu's applications, finding that she failed to demonstrate that she had suffered past persecution, did not establish the basis for a well-founded fear of future persecution, and could not demonstrate that it was more likely than not that she would be tortured if she were to return to China. On appeal, the Board of Immigration Appeals affirmed the immigration judge's decision. In affirming, the Board specifically agreed with the immigration judge's conclusion that in light of discrepancies in Liu's and her father's testimony, "the respondent's testimony is not sufficient on its own to establish that she was persecuted in China."

In her petition for review, Liu argues that her testimony had only a few minor inconsistencies that were non-material and that her testimony was supported by country condition reports.

On petition for review, we consider whether the immigration judge correctly determined that Liu failed to sustain her burden of establishing eligibility for asylum or protection under the Convention Against Torture. The Board's and the immigration judge's determination "must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). Under this deferential standard, we may not overturn the decision simply because we would have decided the matter differently. *See Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir.1998); *Klawitter v. INS*, 970 F.2d 149, 151-52 (6th Cir.1992). Indeed, in order to set aside the Board's factual determinations, we must find that the evidence "not only supports a contrary conclusion, but indeed compels it." *Klawitter*, 970 F.2d at 152.

Credibility determinations by the immigration judge are afforded great weight. Nevertheless, those credibility determinations must be fairly supported by the record. In this case, the only evidence other than Liu's testimony is that of her father, who had no evidence to prove his identity and who made statements that were not completely consistent with Liu's testimony. Thus, the immigration judge was not unreasonable in concluding that her uncorroborated and sometimes inconsistent testimony was not

sufficiently credible, standing alone, to establish her eligibility for relief under the provisions in 8 C.F.R. §§ 208.13(a) and 208.16(b).

In *Matter of Mogharrabi*, 19 I. & N. Dec. 439, 445 (BIA 1987) (abrogated on other grounds by *Pitcherskaia v. INS*, 118 F.3d 641, 647-48 (9th Cir. 1997), the Board noted that an "alien's own testimony may in some cases be the only evidence available" but held that "it can suffice [only] where the testimony is believable, consistent, and sufficiently detailed to provide a plausible and coherent account of the basis for his fear." In this case, the petitioner testified that she could have gotten corroborative evidence but felt that it was unnecessary. As a result, there is no adequate explanation for the absence of evidence from a physician that she had been pregnant or had an abortion, or for the failure to provide corroborating statements from her husband or husband's parents – statements that Liu said she could have acquired from her family in China within two months. But, as we have observed:

> [W]here it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence should be provided. . . . The absence of such corroborating evidence can lead to a finding that an applicant has failed to meet her burden of proof.

*Dorosh v. Ashcroft*, 398 F.3d 379, 382 (6th Cir. 2004) (quotation omitted).

There is nothing in the record before us to support Liu's argument that a reasonable fact-finder would be compelled to reach a different conclusion than that of the immigration

judge and the Board.  We therefore DENY review of the immigration judge's determination

to withhold relief in this case and the Board's order affirming that decision.