**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0189n.06
Filed: March 10, 2009

**No. 08-3635**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| YERO BABA SY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF AN |
| | ) | ORDER OF THE BOARD OF |
| ERIC H. HOLDER, JR., Attorney General of | ) | IMMIGRATION APPEALS |
| the United States, | ) | |
| | ) | |
| Respondent. | ) | |

Before: RYAN, GIBBONS and SUTTON, Circuit Judges.

PER CURIAM. Yero Baba Sy seeks review of an order denying his application for asylum and withholding of removal. Because we do not have jurisdiction over Sy's asylum appeal and because he failed to establish eligibility for withholding of removal, we deny the petition for review.

I.

A native and citizen of Mauritania, Sy applied for asylum and withholding of removal in January 2002. At his hearing before an Immigration Judge (IJ), Sy testified that from 1989 to 1996, he was enslaved and abused by a White Moor family in Mauritania; he later escaped to a refugee camp in Senegal; and he eventually came to America by hiding aboard a ship bound for Maryland. The IJ denied his asylum

application because it was untimely, and he denied Sy's withholding-of-removal claim because he did not submit sufficient evidence to support it. The BIA affirmed.

## II.

Sy first challenges the IJ's factual finding, as affirmed by the BIA, that his asylum application was untimely, arguing that his testimony showed that he filed the application within a year of arriving in the United States. *See* 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(2). Congress, however, has withdrawn our authority to review this kind of contention. Under the immigration laws, we do not have jurisdiction to review a denied asylum application if the challenge turns only on claims of factual error or of abused discretion. *Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006); *see* 8 U.S.C. § 1158(a)(3). Because Sy challenges only the factual determinations of the IJ and the BIA, his request for relief exceeds our authority to grant him relief.

## III.

Sy also challenges the IJ's denial of his application for withholding of removal. To establish eligibility for relief on this ground, Sy must establish that if he returned to Mauritania, his "life or freedom would be threatened . . . because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see* 8 C.F.R. § 1208.16(b). In some settings, the IJ may determine that an applicant's testimony is sufficiently credible and specific that the testimony by itself establishes eligibility for withholding of removal. *In re Y-B*, 21 I. & N. Dec. 1136, 1137–39 (BIA 1998). In other settings, the IJ may determine that an applicant's

testimony, even if credible, is lacking in detail and thus the applicant cannot satisfy his burden of proof without providing reasonably available corroborating evidence. *Dorosh v. Ashcroft*, 398 F.3d 379, 382 (6th Cir. 2004); *see also In re Y-B*, 21 I. & N. Dec. at 1139 (noting that an applicant must present a "sufficiently detailed claim" to satisfy his burden of proof). We must accept administrative findings of fact unless a "reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). If the BIA adopts the IJ's decision while adding its own commentary, we "review the decision of the IJ while considering the additional comment made by the BIA." *Gilaj v. Gonzales*, 408 F.3d 275, 283 (6th Cir. 2005).

In denying Sy's application for withholding of removal, the BIA determined that his testimony by itself did not meet his burden of proof and that he offered no corroborating evidence, even though it was readily available. Any of several individuals, as the IJ reasoned, could have confirmed key points of Sy's story: his father; his wife, with whom he had been in contact; friends and acquaintances in the United States; and any doctor who had examined Sy's allegedly abuse-related scars.

We cannot say that the record compels a contrary conclusion. *See id.* at 282. One of Sy's claims was that he was subjected to physical abuse, and yet he offered no medical evidence to back up the claim. The IJ and BIA did not act unreasonably in holding it against Sy that he was unable to present any medical evidence—whether from doctors in this country or any other—showing that his scars stemmed from physical abuse. *See Shkabari v. Gonzales*, 427 F.3d 324, 331 (6th Cir. 2005). Sy also was in frequent contact

with his wife and friends and yet was unable to supply *any* corroborating evidence from them, even though given considerable time to do so. *See Dorosh*, 398 F.3d at 383.

Sy, it is true, offered some explanation for this absence of corroborating evidence—that his father and wife are illiterate and that his financial circumstances made it difficult to obtain a doctor's report. But neither explanation shows that corroborating evidence was not reasonably available. *See id.* The illiteracy of his father would not have prevented him from telling someone else, even Sy's lawyer, what had happened and from capturing that interview on a tape or in a written affidavit. This country offers many avenues for those in difficult circumstances to seek medical assistance. And neither of these explanations offers any basis for declining to obtain corroborating evidence from friends in the United States. Having failed to provide a tenable explanation for offering no corroborating evidence in support of his claim and having failed through his own testimony to meet his burden of proof, Sy cannot show that this record compelled the IJ and BIA to grant his claim for withholding of removal.

IV.

For these reasons, we deny the petition for review.