NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0156n.06

No. 09-3337

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Mar 17, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| VASSILI MKHAYLOVICH GRICHAEV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF |
| | ) | AN ORDER OF THE BOARD OF |
| ERIC HOLDER, JR., Attorney General, | ) | IMMIGRATION APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Before: KEITH, McKEAGUE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Vassili Grichaev petitions for review of an order of the Board of Immigration Appeals denying his application for asylum and withholding of removal. (Although he presented a claim under the Convention Against Torture before the Immigration Judge, he does not contest the denial of that claim here.) We dismiss the petition in part for lack of jurisdiction and deny the remainder.

I.

Grichaev, a native and citizen of Russia, entered the United States on a six-month tourist visa in March 1998. He was arrested and detained by Minnesota police in November 1999, but did not apply for asylum or withholding of removal until May 2002.

According to Grichaev's testimony before the Immigration Judge, he was harassed or assaulted on three occasions in Russia because of his Baptist faith. First, he was beaten unconscious by members of a national youth group. When police found him, they took him to a drunk-tank facility, but he was released the same day. Second, he received racist literature, distributed by a local fascist organization, containing a list of members of his church. Third, he was beaten with a rubber night-stick by two men who derided his religion. That attack left him with serious injuries requiring a month of hospitalization. Although Grichaev reported each incident to the police or local government, his complaints were largely ignored.

The Immigration Judge ("IJ") found Grichaev "generally credible," but expressed concern that Grichaev's testimony "appeared memorized . . . to simply and exactly track" his written statement. He denied Grichaev's asylum application as untimely, because it was filed more than one year after Grichaev entered the United States and extraordinary circumstances did not excuse the delay. *See* 8 U.S.C. § 1158(a)(2)(B), (a)(2)(D). As to withholding, the IJ concluded that Grichaev did not prove past persecution because he failed to present—or adequately explain why he did not present—reasonably available documents corroborating his church membership and his complaints to Russian officials. The IJ also found that Grichaev did not demonstrate an objective fear of future persecution, because his alleged past harm was caused by fringe groups rather than the Russian government. The IJ also found that Grichaev could avoid future harm by relocating within Russia. The IJ therefore denied the application for withholding.

On appeal, the Board of Immigration Appeals ("BIA" or "Board") affirmed the IJ's untimeliness determination. The Board also affirmed the IJ's conclusion that Grichaev failed to meet

his burden of proof for withholding because he did not present reasonably available corroborating evidence. Grichaev then petitioned this court for review.

## II.

Grichaev argues that the IJ erred in denying his applications for asylum and withholding of removal. When the Board "adopts the IJ's reasoning and supplements the IJ's opinion, that opinion, as supplemented by the BIA, becomes the basis for review." *Zhao v. Holder*, 569 F.3d 238, 246 (6th Cir. 2009). We review questions of law de novo and factual findings for substantial evidence. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). Under the substantial evidence standard, we uphold factual findings unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Singh v. Gonzales*, 451 F.3d 400, 403 (6th Cir. 2006).

Grichaev first claims that extraordinary circumstances should excuse his delay in applying for asylum. But we lack jurisdiction to review asylum applications denied for untimeliness when the petitioner "seeks review of discretionary or factual questions." *Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006); *see also* 8 U.S.C. §§ 1158(a)(2)(B), (a)(3), 1252(a)(2)(D). Factual questions are what Grichaev presents here, so we lack jurisdiction to review the dismissal of his asylum application. *See Shkulaku-Purballori v. Mukasey*, 514 F.3d 499, 502 (6th Cir. 2007).

To prevail on his withholding of removal claim, Grichaev must demonstrate a "clear probability" that he would be persecuted in Russia on the basis of his religion. *See* 8 U.S.C. § 1231(b)(3); *Liti v. Gonzales*, 411 F.3d 631, 640-41 (6th Cir. 2005). He can meet this burden either of two ways: by proving "that it is more likely than not" that he will be persecuted upon return to

Russia, or by proving past persecution, which creates a rebuttable presumption of future persecution. 8 C.F.R. § 1208.16(b).

Grichaev claims that his testimony established past persecution and triggered the rebuttable presumption, notwithstanding the lack of corroborating evidence in the record. Although in some circumstances credible testimony can satisfy the burden of proof for withholding, *see* 8 C.F.R. § 1208.16(b), this circuit has adopted the Board's "corroboration rule." *See Dorosh v. Ashcroft*, 398 F.3d 379, 382 (6th Cir. 2004). Pursuant to that rule, an applicant's failure to provide reasonably available corroborating evidence relating to the specifics of his claim "can lead to a finding that the applicant has not met his burden of proof." *Id.* (quoting *In re S-M-J-*, 1997 WL 80984, 21 I. & N. Dec. 722, 724-26 (BIA 1997)).

Here, Grichaev failed to provide corroborating evidence that should have been easily available to him. For example, he failed to provide evidence that he ever attended a Baptist church, either in Russia or the United States; and he could not even name or describe the location of the churches he says he attended. He also failed to provide evidence of past harm, such as the letters of complaint that he allegedly wrote to local officials. Although Grichaev admitted that it would have been easy to obtain this evidence, he says he did not know the information was required. He was represented by counsel throughout his asylum proceedings, however, and was told during a 2002 calendar hearing that he could use corroborating evidence to support his claim. So we agree with the Board that Grichaev's explanation for failing to provide available evidence was inadequate, especially given the importance of church membership to his claims. *See Jacobs v. Holder*, 337 F.

App'x 458, 463-64 (6th Cir. 2009). The record does not compel the conclusion that Grichaev has proven past persecution.

Finally, Grichaev argues that he has shown a clear probability of future persecution based on the past harm he suffered and the group persecution allegedly faced by all Russian Baptists. He relies on a Ninth Circuit case holding that members of disfavored minority groups—that is, groups subjected to extensive persecution in a given locale—can establish a well-founded fear of future persecution by proving that they have suffered past harm. *See Hoxha v. Ashcroft*, 319 F.3d 1179 (9th Cir. 2003). Our court has not addressed whether to adopt this rule. We need not do so here, however, because Grichaev has not shown that Baptists in Russia face widespread group persecution. In fact, Grichaev submitted State Department reports concluding that the Russian Constitution provides for freedom of religion and the government generally respects that right. Although the reports state that local officials occasionally detain members of minority religions, such incidents are "isolated" and "quickly resolved." This is different from the "state-sponsored violence" and human-rights violations found to lower the petitioner's individual burden in *Hoxha*. *See id.* at 1183. Grichaev's claim is therefore without merit.

We dismiss the petition as to the untimely asylum application, and deny the petition as to the withholding claim.