NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0008n.06

No. 11-3262

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Jan 04, 2012***

LEONARD GREEN, Clerk

SHAN DONG LIN,                                         )
                                                      )
      Petitioner,                                   )
                                                      )
                                                      )    ON PETITION FOR REVIEW FROM
v.                                                    )    A FINAL ORDER OF THE BOARD
                                                      )    OF IMMIGRATION APPEALS
ERIC H. HOLDER, JR., Attorney General,                )
                                                      )
      Respondent.                                   )

Before: MARTIN and SUTTON, Circuit Judges; FORESTER, District Judge.[*]

PER CURIAM. Shan Dong Lin, who is represented by counsel, petitions for review of a decision by the Board of Immigrations Appeals vacating an Immigration Judge's (IJ) grant of asylum and ordering him removed to China. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Shortly after Lin's wife was subjected to a second forced abortion, Lin fled China for the United States. Because he entered the country illegally, on February 8, 2008, the Department of Homeland Security charged Lin with removability and issued him a Notice to Appear. On the grounds that he and his wife violated China's one-child policy, Lin filed an application for asylum, withholding of removal, and relief under the Convention Against Torture.

---

[*]The Honorable Karl S. Forester, United States Senior District Judge for the Eastern District of Kentucky, sitting by designation.

In January 2009, Lin visited friends in New York City for the Chinese New Year and learned about the China Democracy Party (CDP). Because the CDP criticizes China's communist government and fights for human rights, Lin joined the CDP at its "USA Headquarters" in New York. During his New York visit, Lin participated in CDP demonstrations and distributed CDP fliers. At his February 11, 2009, removal hearing, Lin supplemented his application with a claim that he will be persecuted in China for his membership in the CDP. In light of Lin's testimony and documentary evidence, the IJ granted Lin asylum, but denied his request for withholding of removal and relief under the Convention Against Torture. Noting the various ways that the Chinese government "keeps tabs on people," the IJ concluded that Lin had established a "reasonable possibility" that he would be persecuted in China for his association with the CDP. The government appealed the IJ's grant of asylum to the Board. Lin did not cross-appeal the denial of his requests for withholding of removal and for relief under the Convention Against Torture.

The Board found Lin's asylum claim "unpersuasive." The Board noted that Lin had not established a connection between the CDP he joined in New York and the CDP mentioned as the subject of persecution in the State Department's Country Report on China. The Board also found that Lin had failed to show that "the Chinese authorities are or will likely become aware of his involvement" with the CDP in New York and that Lin "ha[d] not presented evidence that anyone involved in the [CDP in New York] has returned to China and faced problems based on such activity in the United States." The Board reasoned that "[Lin] has not established a well-founded fear of persecution on account of his mere membership in the CDP USA." The Board therefore vacated the IJ's grant of asylum and ordered Lin removed to China. Lin filed a timely petition for review.

"When the [Board] issues its own opinion rather than summarily adopts the findings of the IJ, this Court reviews the decision of the [Board] as the final agency determination." *Bi Xia Qu v.*

*Holder*, 618 F.3d 602, 605 (6th Cir. 2010). Administrative factual findings are upheld unless we conclude "that 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* at 606 (quoting 8 U.S.C. § 1252(b)(4)(B)). We review de novo any legal issues. *Id.*

The parties dispute the standard of review that governs this case. Lin contends that our review is de novo because he is challenging the Board's application of the law to the facts and is arguing that the Board held him to an improper burden of proof. The government, in contrast, asserts that "it is well-established that the substantial evidence standard applies to the agency's well-founded fear determination." We agree with Lin and apply the de novo review standard.

The Board's "'application of legal principles to undisputed facts, rather than its underlying determination of those facts or its interpretation of its governing statutes,'" is an issue that we review de novo. *Mapouya v. Gonzales*, 487 F.3d 396, 405 (6th Cir. 2007) (quoting *Dorosh v. Ashcroft*, 398 F.3d 379, 381 (6th Cir. 2004)). The de novo review standard also applies to "whether the [Board] used the correct standard in reviewing the IJ's decision and whether [the Board] assigned to [Lin] the correct burden of proof." *Tran v. Gonzales*, 447 F.3d 937, 943 (6th Cir. 2006).

Congress has provided the Attorney General with "discretion to grant asylum to a refugee who shows that [he] has suffered past persecution 'on account of race, religion, nationality, membership in a particular social group, or political opinion,' or that [he] has a well-founded fear of future persecution on these grounds." *Qu*, 618 F.3d at 606 (quoting 8 U.S.C. § 1101(a)(42)). To establish "a well-founded fear of future persecution," the asylum applicant must demonstrate: 1) "'a fear of persecution in [his] home country on account of race, religion, nationality, membership in a particular social group, or political opinion,'" 2) "'a reasonable possibility of suffering such persecution if [he] were to return to that country,'" and 3) "'[he] is unable or unwilling to return to

that country because of such fear.'" *Id.* (quoting *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005)) (citations omitted).

Withholding of removal, in contrast, entails a higher burden of proof than asylum. To be granted withholding of removal, the applicant "must demonstrate 'that there is a clear probability that he will be subject to persecution if forced to return to the country of removal.'" *Singh*, 398 F.3d at 401 (quoting *Pilica v. Ashcroft*, 388 F.3d 941, 951 (6th Cir. 2004)). "The 'clear probability' standard asks more of the applicant than the 'reasonable possibility' standard for obtaining asylum because it requires the applicant to show that 'it is more likely than not' that his life or freedom would be threatened by persecution if he returned to his home country." *Pablo-Sanchez v. Holder*, 600 F.3d 592, 594 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 573 (2010) (quoting *Al-Ghorbani v. Holder*, 585 F.3d 980, 993-94 (6th Cir. 2009)).

Lin argues that the Board improperly applied the law governing "a well-founded fear of persecution" because it imposed an inappropriate burden of proof on his claim. Although the IJ explicitly recognized the difference between the two standards when he granted Lin asylum, but denied him withholding of removal, the Board's decision is unclear which burden of proof it applied to Lin. In citing *Matter of A– M–*, 23 I & N Dec. 737, 740 (BIA 2005), the Board stated that: "The Immigration Judge erred by concluding that [Lin] met his burden of proof for asylum." However, the asylum application in *Matter of A– M–* was denied as untimely, *id.* at 738-39, and the applicant's "fear of future persecution" was analyzed in the context of his request for withholding of removal. *Id.* at 740-41. The Board's specific citation to its discussion regarding the burden of proof for entitlement to withholding of removal in *Matter of A– M–*, indicates to us that the Board most likely erred in holding Lin to the higher "clear probability" standard for withholding removal, rather than the lesser "reasonable possibility" standard for asylum.

The Supreme Court has instructed that when the Board fails to conduct a proper analysis, "'[a] court of appeals is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry.'" *Gonzales v. Thomas*, 547 U.S. 183, 186 (2006) (quoting *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002)); *see also Qu*, 618 F.3d at 609. Rather, "'the proper course, except in rare circumstances, is to remand [the case] to the agency for additional investigation or explanation.'" *Thomas*, 547 U.S. at 186 (quoting *Ventura*, 537 U.S. at 16) (citation omitted); *Qu*, 618 F.3d at 609. Because the Board's decision regarding the burden of proof it applied to Lin is, at best, unclear, a remand is appropriate in this case to allow the Board to clarify its decision.

Accordingly, Lin's petition for review is granted. We vacate the Board's decision and remand the case to the Board for reconsideration of Lin's asylum application.