**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANNA SHAHINYAN; KARO HAIRAPETYAN; SUZAN HAIRAPETYAN,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-74379<br><br>Agency Nos.     A078-650-659<br>                         A078-650-660<br>                         A078-650-661<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 8, 2013
Pasadena, California

Before: O'SCANNLAIN, PAEZ, and IKUTA, Circuit Judges.

Petitioner Anna Shahinyan petitions for review of the Board of Immigration

Appeals ("BIA")'s order affirming the Immigration Judge ("IJ")'s decision

denying her application for asylum and withholding of removal. The IJ found that

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Shahinyan had not established her identity or the identities of her children.[1]  He

concluded that without proof of their identities, he could not make a credibility

determination or adjudicate Shahinyan's claims; he therefore denied her

application.  The BIA affirmed on the grounds that Shahinyan had failed to present

objective evidence of her and her children's identities or an inability to obtain

authenticated copies of their birth certificates.  We have jurisdiction under 8 U.S.C.

§ 1252.  We grant the petition and remand to the BIA for further proceedings on an

open record.

**1.** The IJ acted contrary to this court's decision in *Kalouma v. Gonzales*, 512

F.3d 1073 (9th Cir. 2008).  In *Kalouma*, we held that an alien does not have a

heightened burden to establish identity; thus, he can prove identity—like any other

element of an asylum claim—through credible testimony alone.  *Id.* at 1078-79.

Here, however, the IJ declined to make an adverse credibility determination or

adjudicate Shahinyan's claims because he believed that he could not do so without

non-testimonial proof of identity.  This was legal error, and the BIA failed to

correct the error.

---

[1] Petitioners Karo and Suzan Hairapetyan are the children of Anna
Shahinyan and are therefore derivative beneficiaries of her asylum application.

**2.** The BIA also erred in concluding that Shahinyan failed to establish her identity and the identities of her children because she did not submit "objective evidence" of their identities. Under this circuit's pre-REAL ID Act case law, the BIA cannot require corroborating evidence from a petitioner about whom the IJ has not made an adverse credibility determination. *Singh v. Gonzales*, 491 F.3d 1019, 1024 (9th Cir. 2007), *superseded by statute*, REAL ID Act of 2005, Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305, *as recognized in Singh v. Holder*, 602 F.3d 982 (9th Cir. 2010); *Kataria v. I.N.S.*, 232 F.3d 1113-14 (9th Cir. 2000). Since the IJ did not make an adverse credibility determination in this case, the BIA had two options: it could have remanded to the IJ for a proper credibility determination, or it could have accepted Shahinyan's testimony as true. In the pre-REAL ID Act context, however, it was error for the BIA to require corroborating evidence of identity in the absence of an adverse credibility determination.

PETITION GRANTED AND REMANDED.

3

*Shahinyan v. Holder*, No. 08-74379
Ikuta, J., with whom O'Scannlain, J., joins, concurring

Today the court applies circuit precedent that is contrary to the applicable regulation, contrary to the BIA's longstanding interpretation of that regulation, and contrary to the decisions of our sister circuits. Bound by that precedent—at least for now—I reluctantly concur.

With respect to pre-REAL ID Act cases, we have held that petitioners can carry their burden of proving eligibility for relief based on their testimony alone, and immigration judges cannot require any corroboration of that testimony unless they first find that the petitioner is not credible. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

This precedent is plainly contrary to text of the applicable regulation, which merely *permits* an immigration judge to rely on credible testimony. 8 C.F.R. § 208.13(a) ("The testimony of the applicant, if credible, *may be* sufficient to sustain the burden of proof without corroboration." (emphasis added)). More important, the rule is contrary to the BIA's own longstanding interpretation of 8 C.F.R. § 208.13(a). *In re S-M-J*, 21 I. & N. Dec. 722, 724, 729 (BIA 1997) (holding that, under § 208.13(a), an immigration judge may find that an applicant is credible, but still determine that the applicant failed to carry her burden of proof in the absence of evidence supporting her claim). Unsurprisingly, our contrary

interpretation has been rejected by our sister circuits. *See, e.g.*, *Soeung v. Holder*, 677 F.3d 484, 488 (1st Cir. 2012); *Diallo v. INS*, 232 F.3d 279, 286 (2d Cir. 2000); *Chukwu v. Att'y General*, 484 F.3d 185, 191–92 (3d Cir. 2007); *Yang v. Holder*, 664 F.3d 580, 585 (5th Cir. 2011); *Dorosh v. Ashcroft*, 398 F.3d 379, 382 (6th Cir. 2004); *El-Sheikh v. Ashcroft*, 388 F.3d 643, 647 (8th Cir. 2004); *cf. Abovian v. INS*, 257 F.3d 971, 973 (9th Cir. 2001) (Kozinski, J., dissenting from denial of rehearing en banc) (noting that our rule requiring corroboration "has no support in the immigration laws and pushes our court even further adrift from the law of other circuits").

"Thankfully, relief is on its way," *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005), this time in the form of *National Cable & Telecommunications Association v. Brand X Internet Services*, 545 U.S. 967 (2005). In *Brand X*, the Supreme Court held that an agency's reasonable interpretation of a statute, provided the interpretation is otherwise entitled to deference, trumps a prior judicial construction of the same statute. *Id*. at 983. "Only a judicial precedent holding that the statute unambiguously forecloses the agency's interpretation, and therefore contains no gap for the agency to fill, displaces a conflicting agency construction." *Id*. at 982–83. Though *Brand X* addresses the deference owed to agencies' statutory interpretations, there is "no reason why these principles should not apply equally to the interpretation of a regulation." *Levy v. Sterling Holding*

*Co., LLC*, 544 F.3d 493, 502 (3d Cir. 2008); *see also In re Lovin*, 652 F.3d 1349, 1354 (Fed. Cir. 2011) (same).

We have never held that an immigration statute or regulation compels our rule precluding immigration judges from requiring corroborating evidence absent an adverse credibility determination. *See, e.g.*, *Ladha v. INS*, 215 F.3d 889, 899 (9th Cir. 2000) (noting that our precedent does not even allow us to consider whether § 208.13 is a permissible interpretation of the INA), *overruled in part on other grounds by Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc). Accordingly, the BIA is free to provide an authoritative construction of 8 C.F.R. § 208.13(a). If it does so, we will have to reassess the continued validity of our contrary precedent as required by *Brand X*, 545 U.S. at 982–84. But because the government has not yet pointed to any such construction, our precedent remains binding—for now—and I concur in the court's disposition.