IKUTA, J., with whom O’SCANNLAIN, J., joins,
concurring.
Today the court applies circuit precedent that is contrary to the applicable *547 regulation, contrary to the BIA’s longstanding interpretation of that regulation, and contrary to the decisions of our sister circuits. Bound by that precedent — at least for now — I reluctantly concur.
With respect to pre-REAL ID Act cases, we have held that petitioners can carry their burden of proving eligibility for relief based on their testimony alone, and immigration judges cannot require any corroboration of that testimony unless they first find that the petitioner is not credible. See Tijani v. Holder, 628 F.3d 1071,1080 (9th Cir.2010).
This precedent is plainly contrary to text of the applicable regulation, which merely permits an immigration judge to rely on credible testimony. 8 C.F.R. § 208.13(a) (“The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration.” (emphasis added)). More important, the rule is contrary to the BIA’s own longstanding interpretation of 8 C.F.R. § 208.13(a). In re S-M-J, 21 I. & N. Dec. 722, 724, 729 (BIA 1997) (holding that, under § 208.13(a), an immigration judge may find that an applicant is credible, but still determine that the applicant failed to carry her burden of proof in the absence of evidence supporting her claim). Unsurprisingly, our contrary interpretation has been rejected by our sister circuits. See, e.g., Soeung v. Holder, 677 F.3d 484, 488 (1st Cir. 2012); Diallo v. INS, 232 F.3d 279, 286 (2d Cir.2000); Chukwu v. Att’y General, 484 F.3d 185, 191-92 (3d Cir.2007); Yang v. Holder, 664 F.3d 580, 585 (5th Cir.2011); Dorosh v. Ashcroft, 398 F.3d 379, 382 (6th Cir.2004); El-Sheikh v. Ashcroft, 388 F.3d 643, 647 (8th Cir. 2004); cf. Abovian v. INS, 257 F.3d 971, 973 (9th Cir.2001) (Kozinski, J., dissenting from denial of rehearing en banc) (noting that our rule requiring corroboration “has no support in the immigration laws and pushes our court even further adrift from the law of other circuits”).
“Thankfully, relief is on its way,” Jibril v. Gonzales, 423 F.3d 1129, 1138 n. 1 (9th Cir.2005), this time in the form of National Cable & Telecommunications Association v. Brand X Internet Services, 545 U.S. 967, 125 S.Ct. 2688, 162 L.Ed.2d 820 (2005). In Brand X, the Supreme Court held that an agency’s reasonable interpretation of a statute, provided the interpretation is otherwise entitled to deference, trumps a prior judicial construction of the same statute. Id. at 983. “Only a judicial precedent holding that the statute unambiguously forecloses the agency’s interpretation, and therefore contains no gap for the agency to fill, displaces a conflicting agency construction.” Id. at 982-83. Though Brand X addresses the deference owed to agencies’ statutory interpretations, there is “no reason why these principles should not apply equally to the interpretation of a regulation.” Levy v. Sterling Holding Co., LLC, 544 F.3d 493, 502 (3d Cir.2008); see also In re Lovin, 652 F.3d 1349, 1354 (Fed.Cir.2011) (same).
We have never held that an immigration statute or regulation compels our rule precluding immigration judges from requiring corroborating evidence absent an adverse credibility determination. See, e.g., Ladha v. INS, 215 F.3d 889, 899 (9th Cir.2000) (noting that our precedent does not even allow us to consider whether § 208.13 is a permissible interpretation of the INA), overruled in part on other grounds by Abebe v. Mukasey, 554 F.3d 1203, 1208 (9th Cir.2009) (en banc). Accordingly, the BIA is free to provide an authoritative construction of 8 C.F.R. § 208.13(a). If it does so, we will have to reassess the continued validity of our contrary precedent as required by Brand X, 545 U.S. at 982- *548 84, 125 S.Ct. 2688. But because the government has not yet pointed to any such construction, our precedent remains binding — -for now — and I concur in the court’s disposition.