**NOT RECOMMENDED FOR PUBLICATION**
File Name: 11a0501n.06

**No. 10-3050**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jul 20, 2011*

LEONARD GREEN, Clerk

| | |
|---|---|
| HASSAN ADEL KASSEM, | ) |
| | ) |
| Petitioner, | ) PETITION FOR REVIEW OF AN |
| | ) ORDER OF THE BOARD OF |
| v. | ) IMMIGRATION APPEALS |
| | ) |
| | ) |
| ERIC HOLDER, JR., Attorney General | ) |
| | ) |
| Respondent. | ) |

Before: SILER, COLE, and KETHLEDGE, Circuit Judges.

**SILER**, Circuit Judge. Hassan Adel Kassem seeks withholding of removal under the Immigration and Nationality Act ("INA") and protection under the Convention Against Torture ("CAT"). The immigration judge ("IJ") rejected Kassem's claim and the Board of Immigration Appeals ("BIA") affirmed. For the following reasons, we **DENY** the petition.

**BACKGROUND**

Kassem, a citizen of Lebanon and native of Liberia, entered the United States around August 27, 2002 as a nonimmigrant visitor for business. His visa expired on November 7 of that year. After removal proceedings commenced in October 2005, Kassem applied for withholding of removal from Lebanon and Liberia under INA § 241(b)(3) and protection under the CAT.

Kassem fears persecution and torture by members of Hezbollah in Lebanon and Liberia in retaliation for his purported sympathy for Israel. He alleges he operated a store in Liberia from 1988

to 1991, where he sold replacement parts for heavy duty machinery. Although he did not realize it initially, one of Kassem's clients, a logging and construction company named Yona International ("Yona"), was Israeli. Several individuals warned him to stop doing business with Yona. In 1989, Kassem's mother phoned him and told him that rumors were spreading in Lebanon that he had been interacting socially with Israelis. In 1990, war broke out in Liberia and Kassem's business relationship with Yona ended. Kassem returned to Lebanon for four months, despite his mother's warnings. He lived in Beirut again, without being harmed, from April 1996 to June 1997. Kassem claims to have received threatening phone calls in Lebanon (and one in the United States in 2003), but not in Liberia. He admits no one has ever threatened him in person.

In 2002, Kassem traveled to the United States while his family returned to Lebanon. Kassem's mother continues to warn him by telephone not to return to Lebanon because it is unsafe for him there. Kassem says he also fears for his safety in Liberia because he claims his residence there was set on fire in 2003 and his business was looted, acts which he interprets as a message not to return. However, he also believes no one would hurt him in Liberia if his family were with him.

Before the IJ, Kassem offered no evidence to support his claims besides his own testimony. The IJ asked Kassem to produce corroborating evidence to prove the existence of Yona, his store, and their business relationship. The IJ also asked Kassem why he had not obtained corroboration from his mother. Although Kassem's mother is illiterate, he admitted that his wife, who visits his mother on occasion, could have taken a dictated statement from her.

In denying Kassem's claims under the INA and CAT, the IJ held that (1) Kassem's testimony was incredible; (2) Kassem failed to support his claims with reasonably obtainable corroborating evidence; and (3) even if credible, Kassem's claims fell far short of establishing a clear probability

-2-

of persecution or torture. The BIA affirmed the IJ's decision on narrower grounds, holding that Kassem failed to produce reasonably obtainable evidence to corroborate his claims of persecution and failed to establish a clear probability of torture.

**DISCUSSION**

Where, as here, the BIA renders its own opinion, we review the decision of the BIA de novo. *Koulibaly v. Mukasey*, 541 F.3d 613, 619 (6th Cir. 2008).

An IJ's determination regarding the availability of corroborating evidence is not to be reversed unless "the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." INA § 242(b)(4), 8 U.S.C. § 1252(b)(4); *Yinggui Lin v. Holder*, 565 F3d. 971, 977 (6th Cir. 2009) (applying the same standard to a BIA opinion).

Administrative findings of fact are reviewed under the deferential "substantial evidence" standard, and we must treat them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B); *Zhao v. Holder*, 569 F.3d 238, 246-47 (6th Cir. 2009).

## I. Kassem Does Not Qualify for Withholding of Removal Under the INA

Nothing in the record compels us to reverse the BIA's finding that Kassem failed to produce reasonably obtainable evidence to corroborate his claims of persecution. To qualify for withholding of removal under the INA, the alien must establish that his "life or freedom would be threatened" in the proposed country of removal on the basis of one of the enumerated grounds, such as "political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A); *Ndrecaj v. Mukasey*, 522 F.3d 667, 674 (6th Cir. 2008). The alien seeking withholding of removal must establish a "clear probability of

persecution," meaning it is "more likely than not" he would be persecuted. *Al-Ghorbani v. Holder*, 585 F.3d 980, 994-95 (6th Cir. 2009) (quoting *INS v. Stevic*, 467 U.S. 407, 413, 424 (1984)).

Under the Real ID Act's amendments to the INA, when the IJ "determines that the applicant should provide evidence which corroborates otherwise credible testimony, such evidence must be provided unless the applicant demonstrates that the applicant does not have the evidence and cannot reasonably obtain the evidence." INA § 240(c)(4)(B), 8 U.S.C. § 1229a(c)(4)(B). Even if an applicant is credible, the failure to provide reasonably available corroborating evidence can lead to a finding that an applicant has failed to meet his burden of proof. *Shkabari v. Gonzales*, 427 F.3d 324, 331 (6th Cir. 2005) (quoting *Dorosh v. Ashcroft*, 398 F.3d 379, 382 (6th Cir. 2004)).

Kassem does not show the corroborating evidence the IJ requested was not reasonably obtainable. The BIA identified three types of corroborating evidence that Kassem could reasonably have produced, but failed to provide a persuasive explanation for his failure to do so. First, as Kassem acknowledged, he could have procured a letter from Yona to prove the company's existence and its ties to Israel. Second, Kassem could have corroborated his mother's warnings through a dictated statement to his wife, who lived in Lebanon and occasionally visited her. Third, Kassem could have corroborated the threats against him by obtaining a statement from his wife, with whom he was in regular contact. Any of these three forms of available evidence would have been probative of Kassem's story: that his business relationship with an Israeli company caused his harassment. *See Urbina-Mejia v. Holder*, 597 F.3d 360, 368 (6th Cir. 2010) (finding an IJ's request for a letter from the applicant's father to be "appropriate" because such evidence would have been available and probative of applicant's fears of persecution). Thus, Kassem does not qualify for withholding of removal under the INA.

-4-

Kassem argues the BIA erred by failing to explicitly address the IJ's adverse credibility determination. However, once we conclude that substantial evidence supports the stated basis for denying relief (here, a lack of reasonable corroboration), "further review is foreclosed," and we need not remand for a credibility determination. *Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1150 (6th Cir. 2010) (citing *Haider v. Holder*, 595 F.3d 276, 282-83 (6th Cir. 2010)).

## II. Kassem Does Not Qualify for Withholding of Removal Under the CAT

Kassem does not demonstrate a clear probability of torture in either Lebanon or Liberia. To warrant protection under the CAT, the applicant bears the burden of proving it is more likely than not that he will be tortured if sent to the country of removal. 8 C.F.R. § 1208.16(c)(2).

The BIA's determination that Kassem did not warrant protection under the CAT was supported by substantial evidence and nothing in the record compels us to reverse. Kassem offered no evidence that he had previously been tortured, and his only evidence that he will "more likely than not" be tortured in the future is the same uncorroborated evidence that failed to support his persecution claim under the INA. Although Hezbollah is arguably a Lebanese governmental entity, *see Tarraf v. Gonzales*, 495 F.3d 525, 527 n.2 (7th Cir. 2007), Kassem offered no evidence that Hezbollah threatened him or that any governmental agent or entity in Lebanon or Liberia would consent to his torture. Thus, he is not eligible for protection under the CAT.

**REVIEW DENIED**.