NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0613n.06

No. 11-3408

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| HONGTAO CHEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW FROM A |
| v. | ) | FINAL ORDER OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| ERIC H. HOLDER, Jr., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.*

**PER CURIAM**.  Hongtao Chen, a native and citizen of China who is proceeding *pro se*, seeks judicial review of a decision from the Board of Immigration Appeals (BIA) dismissing his appeal from a decision by an Immigration Judge (IJ).  The IJ denied Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Chen entered the United States in August 2006 on a student visa to attend college.  However, he never attended school and, in fact, had never graduated from high school.  Removal proceedings were initiated in July 2007, and Chen admitted removability.  Chen filed his applications for relief on the basis that he feared persecution upon his return to China because of his Christian religion.

In denying Chen's applications for relief, the IJ found Chen's testimony confusing and noted that Chen's testimony concerning past events in China was uncorroborated.  Considering Chen's vague and confusing testimony, Chen's lack of knowledge concerning the beliefs specific to Jehovah's Witnesses despite his claim that he had attended a Jehovah's Witnesses church for over

---

*The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

a year, and the lack of corroborating evidence, the IJ found that Chen was not a credible witness. The IJ found that Chen had not presented sufficient evidence to establish that he suffered past persecution based on his religious beliefs, or that he had a well-founded fear of future persecution. The BIA upheld the IJ's adverse credibility determination on appeal.

In his petition for review, Chen now challenges the IJ's and the BIA's adverse credibility determination, arguing that contrary to the IJ's determination, he never claimed to be a Jehovah's Witness. Rather, he only claimed that he was Christian and that he would be persecuted as part of an "unregistered Protestant group" in China. Chen also argues that the IJ erred when he found that Chen's testimony was uncorroborated.

In reviewing an asylum determination where the BIA adopts portions of the IJ's reasoning and supplements the IJ's opinion, we review the IJ's opinion as supplemented by the BIA's analysis. *See Zhao v. Holder*, 569 F.3d 238, 246 (6th Cir. 2009). We review the BIA's conclusions of law *de novo*. *Marku v. Ashcroft*, 380 F.3d 982, 986 (6th Cir. 2004).

We have jurisdiction to review Chen's asylum application pursuant to 8 U.S.C. § 1252(a)(1). The resolution of an asylum request involves a two-part inquiry: 1) whether the alien qualifies as a refugee; and 2) whether the alien "merits a favorable exercise of discretion by the Attorney General." *Gilaj v. Gonzales*, 408 F.3d 275, 283 (6th Cir. 2005) (citation omitted). "Refugee" is defined as an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *Rreshpja v. Gonzales*, 420 F.3d 551, 554 (6th Cir. 2005).

To prevail on a request to withhold removal, an alien must show that there is a clear probability that the alien would be subject to persecution if he returned to the country in question. *Pablo-Sanchez v. Holder*, 600 F.3d 592, 594 (6th Cir.), *cert. denied*, 131 S. Ct. 573 (2010). To be entitled to relief under CAT, an applicant must prove "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Ali v. Reno*, 237 F.3d 591, 596 (6th Cir. 2001) (quoting 8 C.F.R. § 208.16(c)(2)). "Torture is defined as any act by which severe

pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).

Credibility determinations are reviewed under the substantial evidence standard. *Zhao*, 569 F.3d at 247. We will reverse a credibility determination only if "any reasonable adjudicator would be compelled to conclude to the contrary." *Pergega v. Gonzales*, 417 F.3d 623, 627 (6th Cir. 2005) (internal quotation marks and citation omitted). Adverse credibility findings should be "based on the totality of the circumstances and take into account all relevant factors." *El-Moussa v. Holder*, 569 F.3d 250, 256 (6th Cir. 2009) (internal quotation marks and citation omitted).

The IJ provided numerous reasons why Chen was not a credible witness, including the nature of Chen's testimony; his demeanor during the hearing; Chen's lack of knowledge regarding the faith of the church where he allegedly had been an active and regular participant; and the lack of corroborating evidence supporting Chen's testimony. The IJ and BIA complied with 8 U.S.C. § 1158(b)(1)(B)(iii) by concluding that Chen was not credible based on the factors outlined in their decisions. We will not disturb the adverse credibility finding because it is supported by substantial evidence.

Chen challenges the IJ's and the BIA's finding that the documentary evidence he presented failed to corroborate his testimony. "[W]here it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence should be provided . . . ." *Lin v. Holder*, 565 F.3d 971, 977 (6th Cir. 2009) (citation and internal quotation marks omitted). "The absence of such corroborating evidence can lead to a finding that an applicant has failed to meet [his] burden of proof." *Dorosh v. Ashcroft*, 398 F.3d 379, 382 (6th Cir. 2004) (citation and internal quotation marks omitted).

While Chen presented some evidence, he did not present other evidence, such as a baptismal certificate, to support his allegations. Because such evidence could have been expected and could have been made available, the absence of this evidence supports the IJ's adverse credibility finding.

*Id*.  As a result, Chen failed to produce sufficient evidence to support his requests for asylum, withholding of removal, and relief under CAT.

The  petition for review is denied.