NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0634n.06

No. 11-3786

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jun 18, 2012*
LEONARD GREEN, Clerk

CHONG CHOW,                                    )
                                               )
        Petitioner,                            )        ON PETITION FOR REVIEW
                                               )        FROM A FINAL ORDER OF THE
v.                                             )        BOARD OF IMMIGRATION
                                               )        APPEALS
ERIC H. HOLDER, JR., Attorney General,         )
                                               )
        Respondent.                            )


Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]


PER CURIAM. Chong Chow, a native and citizen of the People's Republic of China, petitions for review of an order by the Board of Immigration Appeals (BIA) affirming the decision of an immigration judge (IJ) who denied his application for asylum, withholding of removal, and request for relief under the Convention Against Torture (CAT).

Chow illegally entered the United States in 1993 and filed an asylum application under the name of Jian Zhou. Chow initially claimed that he had been confined and tortured by Chinese authorities because of his public opposition to China's family planning policy. When he failed to appear for his immigration hearing, the IJ ordered Chow deported *in absentia.* Thereafter, Chow was granted leave to reopen his deportation proceedings. In 2008, he withdrew his 1993 asylum

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

application and, in 2009, submitted a new application seeking asylum, withholding of removal, and protection under CAT.

In his second asylum application, Chow disavowed everything submitted in the first application. He claimed to have been persecuted by authorities of the Chinese government because he had participated in the Tiananmen Student Movement of 1989 and the demonstration in Tiananmen Square. Chow also claimed that he would "be sterilized pursuant to China's one child per family policy." In a subsequent amendment to his asylum application, Chow claimed that he also feared persecution by the Chinese government because of his recent adoption of the Christian faith. At a hearing on the merits of his application, Chow stated that he sought asylum because (1) he feared religious persecution; (2) he feared persecution for having violated Chinese family planning policies; and (3) he feared political persecution arising from his participation in the Tiananmen Square protest.

The IJ found that Chow was not credible and, even assuming that Chow was credible, there was a lack of corroboration concerning Chow's persecution claim. The IJ also determined that Chow "did not demonstrate that the Chinese government has a national policy of requiring sterilization of [a] parent who returns with a second child born outside of China." The also IJ rejected Chow's religious persecution claim because he failed to offer corroborating evidence. The BIA upheld the IJ's decision and we granted Chow a stay of removal pending review.

Chow contends that both the BIA and the IJ erred in finding him not credible and erred in deciding that he failed to establish past persecution, or a well-founded fear of future persecution. The government contends that the BIA's decision is supported by substantial evidence and moves

to strike documents appended to Chow's reply brief that were not contained in the record before the agency.

Because the BIA "issue[d] a separate opinion, rather than summarily affirming" the IJ's opinion, the BIA's decision is deemed to be "the final agency determination for purposes of our review." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009).

The BIA's determination that Chow was not eligible for asylum "must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (citation and internal quotation omitted); *see* 8 U.S.C. § 1229a(c)(3)(A). Under this deferential standard, we may not reverse the BIA's determination simply because we would have decided the matter differently. *See Khalili*, 557 F.3d at 435. Under the substantial evidence standard, a factual determination will not be reversed unless the evidence "not only supports a contrary conclusion, but indeed *compels* it." *Klawitter v. INS*, 970 F.2d 149, 152 (6th Cir. 1992).

Substantial evidence supports the BIA's finding that Chow did not corroborate his claim of persecution. Chow concedes that corroborative evidence was reasonably available. "[W]here it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence should be provided." *Dorosh v. Ashcroft*, 398 F.3d 379, 382 (6th Cir. 2004) (internal quotation marks omittted). Chow claimed past persecution and feared future persecution based on his alleged participation in the Tiananmen Square student protests of 1989. Chow, however, supplied no evidence of his participation. Even the statements provided by Chow's

mother and older sister made no mention of Chow's mistreatment in China stemming from his participation in the Tiananmen Square protests.

The evidence in the record does not compel us to conclude that Chow has a well-founded fear of future persecution. Chow contends that he reasonably fears forced sterilization or other sanctions based on the birth of his two children in the United States. The BIA relied on the 2007 China Profile that indicates that United States officials are unaware of any such policy. Chow submitted letters pertaining to the enforcement of China's family planning policy against women of children born in China, but those letters did not furnish proof that Chinese men with multiple foreign-born children are subject to sterilization. *See Chen v. Holder*, 397 F. App'x 111, 116 n.3 (6th Cir. 2010).

The evidence in the record does not compel the court to conclude that Chow has a well-founded fear of persecution based on his religion. Chow is a newly-converted Christian who provides virtually no specific basis for his fear of future religious persecution. Rather, Chow articulated his fear of future persecution by saying, "as a Christian if I would return to China I would definitely participate in Christian activities and preaching and those things the government did not like . . . ." The IJ noted the brevity of Chow's testimony on the subject, as well as his failure to corroborate that he is active in the Christian faith. The BIA agreed. Since "[t]he subjective fear component turns largely upon the applicant's own testimony and credibility," *Akhtar v. Gonzales*, 406 F.3d 399, 404 (6th Cir. 2005), Chow has not established that his fear of religious persecution is subjectively genuine.

To be eligible for withholding of removal, Chow must demonstrate a "clear probability" that he would be subject to persecution on the basis of race, religion, nationality, membership in a

particular social group, or political opinion. *Liti v. Gonzales*, 411 F.3d 631, 640–41 (6th Cir. 2005). This burden of proof is more stringent than the well-founded fear of persecution required to establish eligibility for asylum. *Id*. at 640. Because the record supports a determination that Chow failed to establish eligibility for asylum, it necessarily supports a determination that he did not satisfy the more stringent standards for withholding of removal and protection under CAT. *Id*. at 641.

We grant the government's motion to strike documents appended to Chow's reply brief and deny the petition for review.