NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0617n.06

No. 13-4242

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Aug 13, 2014
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| HAMET SALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| ERIC H. HOLDER, JR., Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |
| | ) | |

BEFORE:  BATCHELDER, Chief Judge; SILER and DONALD, Circuit Judges.

PER CURIAM.  Hamet Sall petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT), Apr. 18, 1988, 108 Stat. 382, 1265 U.N.T.S. 85.  We DISMISS in part and DENY in part the petition for review.

Sall, a native and citizen of Mauritania, claims to have entered the United States on February 28, 2003.  In October 2003, he filed an application for asylum, withholding of removal, and CAT protection, claiming that he had been arrested and beaten for his political activities and that he feared continued mistreatment if he returned to Mauritania.  The Department of Homeland Security subsequently served Sall with a notice to appear, charging that he was

subject to removal as a noncitizen who entered the United States without a valid visa or other entry document, in violation of Section 237(a)(1)(A) of the Immigration and Nationality Act.

After a merits hearing in 2011, the IJ denied relief and ordered Sall's removal to Mauritania. The IJ found that Sall was not credible and failed to provide sufficient evidence corroborating his claims. As a result, the IJ concluded that Sall failed to demonstrate that his asylum application was filed within one year of his arrival in the United States and failed to establish past persecution or a well-founded fear of future persecution. Alternatively, the IJ concluded that, even if Sall had timely filed his application, testified credibly, and established past persecution, his asylum application would be denied based on changed circumstances because conditions in Mauritania have "dramatically improved" for Afro-Mauritanians. Finally, the IJ concluded that Sall, having failed to satisfy his burden of proof for asylum, necessarily failed to meet the higher standard for withholding of removal and CAT protection.

The BIA affirmed the IJ's decision. The BIA agreed with the IJ that Sall did not show by clear and convincing evidence that his asylum application was timely filed, and it found no clear error in the IJ's determination that Sall was not credible and failed to provide reasonably available corroborating evidence.

In his petition for review, Sall challenges the denial of his applications for asylum and withholding of removal. But "we have jurisdiction to review asylum applications denied for untimeliness only when the appeal seeks review of constitutional claims or matters of statutory construction, not when the question is discretionary or factual." *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011) (citation and internal quotation marks omitted). Because Sall raises no constitutional or statutory issue, disputing only the agency's credibility and evidentiary determinations, we lack jurisdiction to consider his asylum application. *See id.* at 191-92.

To qualify for withholding of removal, an applicant must establish a clear probability that his life or freedom would be threatened in the proposed country of removal because of his race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1231(b)(3)(A); *Khozhaynova*, 641 F.3d at 192-93. When, as here, the BIA issued a separate decision rather than summarily affirming the decision of the IJ, "we review the BIA's decision as the final agency determination. To the extent [that] the BIA adopted the [IJ]'s reasoning, however, we also review the IJ's decision." *Hachem v. Holder*, 656 F.3d 430, 437 (6th Cir. 2011) (citation and internal quotation marks omitted) (alterations omitted). We review factual findings, including the adverse credibility determination, for substantial evidence, reversing "only if any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 434. Similarly, we will reverse a "determination regarding the availability of corroborating evidence" only if we find "that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." *Abdurakhmanov v. Holder*, 735 F.3d 341, 347 (6th Cir. 2012) (citation and internal quotation marks omitted).

Because Sall filed his application prior to the effective date of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302, the agency's adverse credibility determination "must be supported by specific reasons and must be based upon issues that go to the heart of [his] claim." *Id.* at 345 (citation and internal quotation marks omitted). In upholding the IJ's adverse credibility determination, the BIA focused on two inconsistencies identified by the IJ, the first of which involved the date that Sall was arrested for his involvement in a student strike. Sall testified that he was arrested on November 4, 1998, while his friend Wane Ibrahima, in a translated letter, identified the date of the strike as October 9, 1998. In his petition for review, Sall argues for the first time that there was a translation error and the letter in fact identified the

date as October 29, not October 9. Because Sall did not raise this argument before the BIA, it is not exhausted, and we cannot consider it. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) ("[T]he alien must raise correctable procedural errors to the BIA."); *see also* 8 U.S.C. § 1252(d)(1). Moreover, Sall offered the translated copy of the letter into evidence, testified that he had read it, and did not explain the discrepancy when asked about it on cross-examination. Accordingly, while Sall's interpretation of the letter is plausible, it does not render the IJ's contrary determination unreasonable. *See Shkabari v. Gonzales*, 427 F.3d 324, 330 (6th Cir. 2005). The BIA also cited a significant inconsistency regarding Sall's departure from Mauritania; while Sall stated in his application that he left Mauritania in February 2003 and did not travel through any other country before entering the United States, he testified before the IJ that he left Mauritania in December 2002 and spent approximately two months in Senegal before leaving for the United States. In light of these and other inconsistencies identified by the IJ, the record does not compel a contrary conclusion regarding Sall's lack of credibility. *See id.* at 330-31.

In any event, even assuming Sall's credibility, the record does not compel the conclusion that he could not reasonably obtain evidence to corroborate his claims. *See* 8 U.S.C. §§ 1229a(c)(4)(B), 1252(b)(4)(D); *Abdurakhmanov*, 735 F.3d at 347. When "it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the . . . applicant's claim, such evidence should be provided. The absence of such corroborating evidence can lead to a finding that an applicant has failed to meet [his] burden of proof." *Lin v. Holder*, 565 F.3d 971, 977 (6th Cir. 2009) (citation and internal quotation marks omitted); *see* 8 U.S.C. § 1158(b)(1)(B)(ii). Sall testified that he was arrested, detained, and subjected to mistreatment on at least two occasions: the first for three months following the November 1998 strike, and the

second in December 2001 (or January 2002) for four months. The only other evidence supporting this testimony was Ibrahima's letter, which indicated that Sall was struck by the police during a student strike, not that he was detained and mistreated for several months. Accordingly, even setting aside the discrepancy regarding the date, this letter does little to substantiate Sall's claims. And even if it was unreasonable for the IJ to expect Sall to obtain letters from his parents, who could not read or write, the BIA reasonably determined that Sall could have obtained letters from his brother, wife, or uncle. *See Dorosh v. Ashcroft*, 398 F.3d 379, 382-83 (6th Cir. 2004) (holding that the applicant could reasonably have provided letters or statements from friends and family to corroborate her claim). Before this court, Sall contends that a letter from his wife would have been of little use because she had "very little or no personal knowledge of his persecution which started in 1998." But according to his testimony, Sall was detained for four months beginning in December 2001 or January 2002, and according to his application, he and his wife were married on December 24, 2001. Accordingly, this explanation is not persuasive.

Given the adverse credibility determination and the lack of other evidence supporting Sall's claims, the record does not compel a conclusion that the BIA erred by denying his application for withholding of removal. By failing to challenge the denial of his request for relief under the CAT, Sall has abandoned that claim. *See Patel v. Gonzales*, 470 F.3d 216, 219 (6th Cir. 2006).

For these reasons, we DISMISS in part and DENY in part the petition for review.