NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0303n.06
Case No. 20-4173

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jun 29, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| RAJWINDER SINGH, | ) | |
| | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| MERRICK B. GARLAND, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | O P I N I O N |
| | ) | |

BEFORE:    SUTTON, Chief Judge; COLE and READLER, Circuit Judges.

COLE, Circuit Judge.  Rajwinder Singh petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his application for asylum and withholding of removal. The BIA found that Singh had failed to sustain his burden of proof on his claims.  Because this decision is supported by substantial evidence, we deny Singh's petition.

I.

Rajwinder Singh is an Indian citizen and member of the Sikh religious community who entered the United States without admission or inspection in January 2003.  Singh applied for asylum on multiple grounds, stating that he had been arrested, harassed, and beaten repeatedly by police in his home district in the Indian state of Punjab.  In June 2008, the Department of Homeland Security filed a notice to appear against Singh, charging him as being removable under section 212(a)(6)(A)(i) of the Immigration and National Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), as an

alien present in the United States without having been admitted or paroled. In consecutive hearings before the immigration court in 2009 and 2010, Singh conceded his removability and requested asylum, withholding of removal under the INA and under the Convention Against Torture ("CAT"), or, in the alternative, permission for voluntary departure.

At his March 2011 removal hearing, Singh specified through counsel that his asylum claim rested on grounds of persecution for his political opinion and religion. Speaking in Punjabi through an interpreter, Singh testified that he was a native of Punjab and made his living there as a truck driver. In 1999, Singh joined a Sikh political party that advocated for the interests of Sikh farmers. Singh stated that his affiliation with the party made him a target of abusive arrests, detentions, and beatings by the local police on at least three occasions, which Singh detailed for the Immigration Judge ("IJ"). According to Singh, none of these incidents resulted in formal complaints or judicial proceedings in which he participated. After the last of these incidents in 2002, and faced with continued harassment and threats to his life by members of an opposing political party, Singh decided to flee to the United States. He testified that he fears going back to India because the police continue to seek him out, harass his family, and maintain an open file against him.

In addition to his testimony, Singh submitted three pieces of noteworthy corroborative evidence to support his requested relief. One was a letter dated July 20, 2010, from Singh's "legal consultant," a local Punjabi attorney, who wrote that Singh's "life and liberty [are] not safe here in India." (A.R. 000452.) The attorney letter then narrated the same three incidents about which Singh had testified, with a few additional details. In closing, the letter advised Singh not to return to India because criminal enforcement proceedings were commenced against him in late December 2002 and a warrant was issued for his arrest in May 2010. Attached to the letter was a copy of the

purported arrest warrant, written in English. Singh submitted a second letter, dated February 22, 2011, apparently from Singh's wife, and also written in English. She informed Singh that the police continue to harass her and inquire about his whereabouts, and she advised him not to return to India. The third piece of corroborative evidence was a 2003 affidavit from Singh's father stating that the police detained and beat Singh on three occasions.

In her March 2011 decision, the IJ concluded that Singh had failed to sustain his burden of proof on all his claims. She found that Singh's corroborative evidence was questionable and insufficient to bolster his vague and sometimes evasive testimony. She specifically concluded that the purported arrest warrant Singh submitted appeared to be fraudulent because it was created solely for the purpose of his immigration proceedings. She additionally found that Singh had failed to establish a well-founded fear of persecution based on his religion or political membership. The IJ also denied on the merits his application for relief under the CAT.

Singh successfully appealed to the BIA, which remanded the case instructing the IJ to make an express credibility finding and clearly state whether Singh carried his burden of proof through testimony or documentary evidence. On remand in 2015, Singh provided the IJ with two updated and moderately more detailed letters from his father and wife, but he offered no additional testimony.

The IJ issued its second, written decision in September 2018, again denying Singh relief on all three claims. This time, the decision expressly found Singh not credible, and then largely reiterated the same criticisms it had leveled against his testimony and corroborative evidence in its previous decision. The IJ rested her denial of asylum relief on her adverse credibility determination alone and did not otherwise discuss the merits of Singh's persecution claim. On appeal a second time, the BIA affirmed the IJ's denial of Singh's asylum and withholding of

removal claims. The BIA limited its written decision to repeating the IJ's reasons why Singh's corroborative evidence was inadequate to sustain his burden of proof, reasons which the IJ had framed against the backdrop finding that Singh's testimony was vague, inconsistent, and evasive at times. The BIA also found that Singh had waived his claim to relief under the CAT by failing to argue it on appeal.

Singh timely petitioned this court to review the BIA's decision. Before us, he argues that substantial evidence did not support the IJ's adverse credibility finding because the inconsistencies the IJ identified in Singh's statements were minor and the shortcomings of his corroborative evidence did not outweigh his otherwise credible and consistent testimony.

II.

A. STANDARD AND SCOPE OF REVIEW

Where, as here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). To the extent the BIA adopts the IJ's reasoning, we review the IJ's decision as well. *Id.*

Questions of law we review de novo, but we give "substantial deference . . . to the BIA's interpretation of the INA and accompanying regulations." *Id.* We review under the substantial-evidence standard the BIA and IJ's factual findings, *id.*, including their assessments of the applicant's credibility and of the sufficiency of his corroborative evidence, *Marikasi v. Lynch*, 840 F.3d 281, 287 (6th Cir. 2016) (credibility determinations); *see Dorosh v. Ashcroft*, 398 F.3d 379, 383–84 (6th Cir. 2004) (adequacy and availability of corroboration). We will not reverse these findings simply because we disagree with them. *Khalili*, 557 F.3d at 435. Rather, we reverse them

only if "any reasonable adjudicator would be compelled to." *See id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

### B. ASYLUM AND WITHHOLDING OF REMOVAL

#### 1. Legal framework

To be eligible for asylum, the applicant must show that he "has suffered past persecution on the basis of race, religion, nationality, social group, or political opinion" or that he "has a well-founded fear of persecution on one of those same bases." *Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1150 (6th Cir. 2010) (quoting *Kouljinski v. Keisler*, 505 F.3d 534, 541 (6th Cir. 2007)); *see* 8 C.F.R. § 1208.13(b). Withholding of removal under the INA requires a similar but "more demanding" showing, *Marikasi*, 840 F.3d at 292, namely, that the applicant establish a "clear probability" of persecution based on one of those same protected grounds, *Cruz-Samayoa*, 607 F.3d at 1151 (quotation omitted).

Because Singh applied for asylum prior to 2005, we assess his credibility under standards predating the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302. *Marikasi*, 840 F.3d at 287 n.1. An asylum claim cannot succeed if the agency does not find the applicant's testimony credible on points that go to the "heart" of his claim. *See, e.g.*, *Abdurakhmanov v. Holder*, 735 F.3d 341, 345–46 (6th Cir. 2012). If found credible, his testimony alone may suffice to sustain his burden of proof, without corroborative evidence, *Marikasi*, 840 F.3d at 288; *see* 8 C.F.R. § 208.13(a) (1997), provided that the testimony is also persuasive and detailed, *see Matty v. INS*, No. 93-3172, 1994 U.S. App. LEXIS 8122, at *11 (6th Cir. Apr. 14, 1994) (per curiam); *In re Dass*, 20 I. & N. Dec. 120, 124 (BIA 1989).

### 2. *Determination of adverse credibility*

Substantial evidence supports the agency's determination that Singh was not a credible witness based on the testimony and the corroborative evidence he provided. Dispositive here is the IJ's finding that the purported arrest warrant Singh submitted in support of his claim was "essentially fraudulent." (A.R. 000066.) Singh testified that government agencies in his home district operate and issue documents entirely in Punjabi. The arrest warrant he submitted to the IJ, however, was written in English. When pressed on this discrepancy, Singh explained that the local magistrate had issued the warrant to his family in English so that the American immigration court could understand its contents. The IJ understandably found this implausible and concluded that the warrant was created solely for these immigration proceedings. Moreover, at no point did Singh clarify the precise nature and provenance of the suspect document, even on remand after the IJ had questioned its authenticity. Though one could speculate as to some conceivable reason why this arrest warrant might not be fraudulent, the record contains no such explanation and much less does it *compel* us to conclude that the IJ erred in her assessment.

If anything, other components of the record only strengthen the IJ's conclusion. Singh submitted the warrant as part of a single exhibit with the letter from his purported attorney, who claimed to have received information from Singh regarding the police abuse. The letter referenced and relied on the arrest warrant, which Singh surmised the attorney might have helped procure. But on cross-examination, Singh acknowledged that he did not know this attorney and had never met him. Singh also testified that the letter did not accurately state the date of his departure from India and concluded that the attorney must have received this erroneous information from his family. In short, with regard to credibility, neither the letter nor the warrant convincingly buttresses the other.

As we held in *Selami v. Gonzales*, if left unexplained, a single fraudulent submission supports an adverse credibility determination when the document goes to a key element of the applicant's asylum claim. *See* 423 F.3d 621, 625–26 (6th Cir. 2005). Here, the arrest warrant directly supported Singh's key contention that he had a well-founded fear of future persecution by local police should he ever return to India. Though the IJ offered additional reasons why she found Singh's testimony vague, evasive, and inconsistent, we need not assess those here—the IJ's adverse credibility determination can rest on the fraudulent submission alone. *See id.* at 626; *cf. Abdurakhmanov*, 735 F.3d at 349 (upholding an IJ's adverse credibility determination on the basis of a key inconsistency going to the heart of the applicant's claims, despite several errors elsewhere in the IJ's credibility analysis).

Before us, Singh does not argue that the arrest warrant is in fact legitimate or that *Selami* is inapplicable to his case. Rather, he requests that we set *Selami* aside and opt not to treat a single piece of fraudulent evidence as dispositive. He encourages us instead to weigh any fraudulent submission against the rest of the applicant's credible testimony and corroborative evidence. We are not free, however, to simply ignore binding precedent. *Wright v. Spaulding*, 939 F.3d 695, 700 (6th Cir. 2019). *Selami* applies here and it forecloses Singh's petition for asylum relief.

Because Singh's asylum claim is unavailing, his application for withholding of removal necessarily fails as well. *See Marikasi*, 840 F.3d at 292.

III.

For the foregoing reasons we deny Singh's petition for review of the BIA's decision.